## PROVIDENCE.

### GODFREY DAIGNEAULT *vs.* CITY OF WOONSOCKET.

### CYRILLE CHOQUETTE *vs.* SAME.

Where land has been condemned under Pub. Laws R. I. cap. 1003, §§ 2, 3, the date of condemnation, or the date when the title to the land vests in the city so as to entitle the owner of the land to the value of it, is a question of law for the court and not a question of fact for the jury, and depends upon the time of the service of the notice on the party of the taking of his land.

On the trial of a petition for the assessment of damages by a jury under § 4, the report of the commissioners made to the city council in accordance with § 2, is inadmissible in evidence.

RESPONDENTS' petition for a new trial.

Statutory proceedings under Pub. Laws R. I. cap. 1003, which authorized the city of Woonsocket to purchase, or otherwise take, any land, or any estate, right or interest therein, in said city, for the purpose of establishing a system of sewerage therein. The petitioners, whose lands were taken, filed their petitions for an assessment of damages by a jury, and the petitions were tried together.

The second section of said act is as follows:

"SEC. 2. Whenever the owner of any tract or tracts of land or of any estate, right, or interest therein, which shall be adjudged by the city council of said city to be necessary for the purpose aforesaid, shall refuse to convey the same to the said city, or cannot agree with said city upon the price thereof, the city council of said city, in joint convention of both branches thereof, shall be authorized to appoint five suitable persons, not owners of nor interested in said land, who shall notify such owner of their appointment, and the purposes thereof, and after giving said owner an opportunity to be heard, and being unable to agree with him upon the price of said land, or of his estate, interest, or right therein, as aforesaid, shall decide upon the valuation of the same, and report such valuation in writing to the city council of said city, in joint convention of both branches thereof, together with a description of said tract or tracts of land by metes and bounds, and a list of all persons owning any estate, interest, or right therein, so far as they can be ascertained by said committee, and a statement that the tract or tracts of land, or the estates, interests, or rights therein set forth and described, are taken in pursuance of the provisions of this act, which statement shall be signed by the mayor of said city. Said report, if received and approved by the city council, shall, together with the statement aforesaid, be filed in the office of the city clerk of said city within ten days of the date of the mayor's signature to said statement, and upon the filing of said report and statement, and the giving notice thereof in the manner hereinafter provided to the owner of said land, or of any estate, interest, or right, as

aforesaid, therein, the title to said land shall vest in the city of Woonsocket, in fee simple, free from all incumbrances and servitudes whatsoever, for the purpose of establishing a system of sewerage in said city; and if any less estate, interest, or right than the fee simple shall be required and taken, then the same shall vest in said city for the said purpose."

The third section provides for notice to the owners of lands so taken, and prescribes the manner in which such notice shall be given.

*October* 11, 1893.    PER CURIAM.    The court is of the opinion that a new trial must be granted.    The report of the commissioners was clearly inadmissible.    *Ennis* v. *Wood River Branch R. R. Co.*, 12 R. I. 73.    The ostensible reason for which the report was admitted was to show the date of condemnation; but this does not appear either in the report itself or in the memoranda on it.    Moreover, the date of condemnation, or the date when the title to the land vested in the city of Woonsocket so as to entitle the appellant to the value of it, was a question of law for the court and not a question of fact for the jury and depended on the time of the service of the notice on the party of the taking of his land.    Pub. Laws R. I. cap. 1003, §§ 2, 3.

The court is also of the opinion that on the record as it stands the testimony as to the value of the Ronian land was improper by reason of its remoteness from the land in question and its dissimilarity to it, in that the Ronian land was high land, while that in question was low meadow land. It has been suggested that there were other cases tried in connection with the present cases, and that some of the land involved in those cases lay near to the Ronian land and was of a similar character; but the record as made up does not disclose these facts and, therefore, we cannot take cognizance of them.

*James M. Ripley & Edwin Aldrich*, for petitioners.
*Walter I. Ballou*, for respondent.