BENJAMIN T. JOHNSON *vs.* PROVIDENCE REDEVELOPMENT AGENCY.

APRIL 9, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is a petition brought pursuant to G. L. 1956, §45-32-34, for the assessment of damages resulting from the taking of a parcel of real estate owned by the petitioner. The petition was heard by a justice of the superior court sitting with a jury, and a verdict was returned

for the petitioner in the amount of $6,000 with interest from the time of the taking. Thereafter the trial justice denied the respondent's motion for a new trial, and the respondent is now pressing its bill of exceptions in this court.

It appears from the record that Benjamin T. Johnson, hereinafter referred to as petitioner, was the owner of a lot of land located on Calhoun avenue in the city of Providence. This land was taken by respondent pursuant to the provisions of the Redevelopment act of 1956, G. L. 1956, chapters 31 to 33 of title 45. The particular parcel of land was designated as lot 336 on assessor's plat 50 and was the site of a three-story frame dwelling house.

The petitioner, testifying in his own behalf, went into considerable detail as to the character and condition of the premises. The petitioner further testified that for some two or three years prior to the taking the premises had been occupied in part by a social club and in part by certain individual members of that club for personal uses. It appears from his uncontradicted testimony that he received a total monthly rent of $80, that his expenses amounted to about $8 a month, and that his net income from the premises would approximate $800 a year. He further stated without objection that he had the building insured in the amount of $6,000. It appears from the record that petitioner sought to qualify as an expert in matters concerning real estate for the purpose of putting into evidence his opinion as to the value of the premises taken. Objection to the admission of this offered testimony was sustained, and it is not disputed that there is no opinion evidence in the record adduced by petitioner from any expert witness as to the fair market value of the premises at the time of taking.

An expert witness testified on behalf of respondent, and the qualifications of this witness in the real estate business

were clearly established. This witness testified that in his opinion the property at the time of the taking had a fair market value of $4,000. He testified at length as to the condition of the property and stated that in his opinion it would produce a rental income of about $60 a month. This witness testified also as to the various methods employed by realtors to ascertain the fair market value of property on appraisal. He testified in this respect as to the formula employed in evaluating such fair market value on the basis of capitalization of net income as well as the formula involving comparative sales. With respect to the latter formula, he testified as to five different sales which he stated were comparable, the prices for the properties involved in each of these sales ranging from $3,000 to $5,500.

Among the exceptions brought to this court by respondent is that taken to the denial of its motion for a directed verdict. In effect, it was a motion for a peremptory instruction in that respondent sought thereby to have a verdict directed for petitioner in the amount of $4,000. In support of the motion respondent contended that the only evidence in the record probative of the fair market value of the property at the time of the taking was the opinion evidence of its expert witness setting such value at $4,000. If we assume without deciding that in enacting the instant statute the legislature intended to provide for the assessment of damages by a jury trial, we cannot agree that the trial justice erred in denying the motion for direction.

An examination of the transcript reveals an abundance of evidence from which the jury would be warranted in finding that the property had a fair market value in excess of $4,000 at the time of the taking. First, the expert witness testifying in respondent's behalf established his opinion as to the fair market value by a consideration of prices at which other properties were sold, which sales he stated involved property comparable in character to the instant

property. The evidence reveals that at least two of these sales were made at prices in excess of $4,000. Even more significant was testimony relating to the fair market value of the property as established by the formula for capitalizing net income. The petitioner had testified as to the net income he received by rental of the property. The expert witness testifying for respondent stated the manner in which the capitalization of net income formula was applied in appraising fair market values. There is also in the record petitioner's testimony that the building had been insured for $6,000.

As we understand respondent, it is contending that this evidence, although admitted without objection, is without probative force by reason of the failure of petitioner to establish his qualifications as an expert in the matter of real estate appraisals. This contention, in our opinion, is without merit. The motion here raises a question as to whether there is any legal evidence in the record from which the jury in an exercise of its fact-finding power could find that the fair market value of the property was in excess of $4,000. We cannot escape concluding that the state of the evidence is such as would warrant the jury in finding that the fair market value was $6,000. It may be conceded that the evidence which is probative of this latter fair market value might have been excluded on objection to the admission thereof. However, on a motion to direct, this factor will not operate to take this evidence out of the rule relating to these motions, that is, that the court must view the evidence in the light most favorable to the petitioner. See *Glennon* v. *Great Atlantic & Pacific Tea Co.*, 87 R. I. 454. We are of the opinion that exception No. 2 must be overruled.

The respondent is also pressing an exception taken by it to the refusal of the trial justice to instruct the jury in accordance with its specific request therefor. The requested

instruction reads: "In view of the fact that the petitioner in this case introduced no evidence of value of the property through any competent witnesses, the value of this property must be determined by resorting exclusively to the testimony of the respondent's witness." We perceive no error in the denial of this request by the trial justice. Obviously the right of respondent to this instruction turned on the correctness of its contention that the only evidence in the record probative of a fair market value of the property taken was the opinion evidence adduced through its expert witness. This is an erroneous appraisal of the state of the evidence on this issue, and in such circumstances no error inhered in a denial of the request therefor. *Lianos* v. *Andreucci*, 72 R. I. 123. Exception No. 4 must also be overruled.

We turn to a consideration of respondent's exception to the denial of its motion for a new trial. In support of its contention that error inhered in the ruling, respondent argues exhaustively concerning the burden of proof in cases for the assessment of damages resulting from land taking. However, as we understand the situation, the motion raises the question of whether the award of damages in the amount of $6,000 was grossly excessive and contrary to the weight of the evidence adduced on that issue. Here again respondent predicates its argument on its view that the only competent evidence in this record as to the fair market value of the property taken is that adduced through its expert witness, a contention with which we do not agree.

On a motion for a new trial after verdict, including such of these motions as are based upon a claim of an excessive verdict, the trial justice is required in an exercise of his independent judgment to pass upon the credibility of the witnesses and the weight of the evidence. When a trial justice conforms to this obligation, his decision on the motion will be given substantial weight by this court and

will not be disturbed unless it is shown to be clearly wrong. *Chase* v. *Goyette,* 85 R. I. 469.

It is clear from the record that the trial justice complied with the duty that is imposed upon him by a motion for a new trial after verdict. It follows that his decision should be given substantial weight in passing upon the merits of this exception unless it appears that it was clearly wrong. An examination of the decision of the trial justice in its entirety discloses that he reviewed the testimony of the respondent's expert and analyzed the credibility of that witness at some length. He quite clearly considered the contrary evidence on the question of fair market value and made it clear that in his opinion the jury was warranted in refusing to accept the testimony of the respondent's expert witness in view of the manner in which his testimony was given while he was on the stand. Conceding the thoroughness with which the respondent has examined the law relating to the burden of proof in these cases, it does not have the effect, in our opinion, of requiring us to conclude that the trial justice either overlooked or misconceived any material evidence on the pertinent issue. This being so, we cannot say that the decision denying the motion for a new trial was clearly wrong. Exception No. 6 is therefore overruled.

All of the respondent's exceptions briefed and argued are overruled, all others not briefed are deemed waived, and the case is remitted to the superior court for entry of judgment on the verdict.

*Alton W. Wiley,* for petitioner.

*Timothy J. McCarthy, Paul F. Casey,* for respondent.