294 A.2d 387.

SAMUEL CORRADO *et ux. vs.* PROVIDENCE REDEVELOPMENT AGENCY.

AUGUST 22, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

550

ROBERTS, C. J. This petition was brought on July 21, 1970, pursuant to G. L. 1956, §45-32-34, by Samuel Corrado and his wife, hereinafter referred to as petitioners, seeking the assessment of damages for the taking of their property located on South Main Street in the city of Providence by the Providence Redevelopment Agency, hereinafter referred to as Agency, under powers of eminent domain granted Agency under §§45–32–5 and 45-32-24. Thereafter, respondent Agency moved that the case be assigned to the jury trial calendar for December 14, 1970. This motion was granted over the petitioners' objection, and their appeal therefrom was dismissed by this court on November 17, 1970.

The case was reached for trial on December 14, 1970, and a jury was impaneled. However, the trial justice became aware that petitioners were without any expert witnesses to testify as to the value of the property and for that reason continued the case for two months. When the case was again reached for trial, the record is persuasive

that both parties waived the right to jury trial, and the court awarded petitioners damages in the amount of $16,-000 with interest, and judgment entered therefor on February 15, 1971. The Agency thereupon moved for a new trial on the ground that the damages were excessive and not supported by evidence, which motion was denied, and the Agency is now prosecuting an appeal to this court from the denial thereof and from the judgment entered on February 15, 1971. On February 20, 1971, petitioners also prosecuted an appeal to this court from the judgment entered by the trial justice awarding damages in the amount of $16,000.

It is perhaps necessary to an understanding of this case to refer to petitioners' unsuccessful challenge to the legality of the adoption of the redevelopment plan and the validity of the taking. In 1966 respondent Agency, acting pursuant to the pertinent provisions of the enabling legislation, prepared a plan for the redevelopment of an area determined by it to be a "deteriorated blighted area" within the meaning of the act. The plan was presented at a public hearing conducted by order of the city council, and on November 7, 1966, the city council by ordinance approved and adopted the proposed plan as the official redevelopment plan for East Side Project No. R. I. R-4. Included within the area covered by the plan was the property of petitioners, which was to be rehabilitated and restored by a developer under a contract with the Agency.

It was not until November 8, 1968, that petitioners here filed a complaint, seeking to enjoin the Agency from taking that property by eminent domain and from entering into a contract with a redeveloper for the East Side Project. The case was ultimately heard before a justice of the Superior Court, and subsequently the trial justice ordered that petitioners' complaint be dismissed with prejudice. The judgment of the trial justice was appealed to this court, and

petitioners' appeal was denied and dismissed. The dismissal rested on the fact that the challenge to the validity of the adoption of the redevelopment plan was not taken within the 30-day period established within the statute but was taken some two years thereafter. *See Corrado* v. *Providence Redevelopment Agency,* 105 R. I. 470, 252 A.2d 920 (1969). The petitioners then went to the Supreme Court of the United States, seeking a writ of certiorari, which was denied on January 12, 1970, 396 U. S. 1022, 90 S.Ct. 595, 24 L.Ed.2d 515, and subsequently, on April 6, 1970, petitioners' motion for rehearing was denied, 397 U. S. 1031, 90 S.Ct. 1268, 25 L.Ed.2d 546. Immediately thereafter, on April 17, 1970, respondent Agency filed a condemnation plat and, as heretofore noted, on July 21, 1970, the instant petition for the assessment of damages was filed by petitioners.

On April 10, 1970, petitioners had attacked for the second time the validity of the proceedings under which their land was taken, filing a complaint and seeking to bar the taking as invalid. On April 17, 1970, petitioners' prayer for a preliminary injunction was denied by a justice of the Superior Court, and they subsequently prosecuted an appeal from that interlocutory decree to this court. In an opinion filed on October 15, 1970, we held that the decree appealed from was interlocutory and raised no question that had been finally adjudicated in the court below and hence was not reviewable here. Consequently, we denied and dismissed the appeal. *Corrado* v. *Providence Redevelopment Agency,* 107 R. I. 628, 269 A.2d 551 (1970). At the time that the petition for the assessment of damages was tried in the Superior Court, this case was still pending in the Superior Court of this state on the question of whether petitioners were entitled to a permanent injunction against the Agency.

It is clear, then, that petitioner, Samuel Corrado, who is not a lawyer, upon finding himself confronted with two pending actions in the Superior Court, became perplexed as

to the effect that his proceeding with one of those actions would have on the other. Understandably, neither his briefs nor his argument make clear the thrust of his contentions of error. Fundamentally, however, he appears to question the jurisdiction of the Superior Court to hear and determine his petition for the assessment of damages for the taking of his property. Complicating the problem was his fear that if he proceeded to prosecute his petition for the assessment of damages, he would be waiving or forfeiting his right to continue to prosecute his action seeking to enjoin the Agency from the taking of his property on the ground that it was illegal and invalid.

It is our opinion, however, that the Superior Court had jurisdiction under §45-32-34 to hear and determine the petition for the assessment of damages for the taking. In the first place, petitioners, concededly the owners of the property prior to the taking which occurred with the filing of the condemnation plat on April 17, 1970, themselves filed the petition within the time period allowed therefor to an owner with notice of the taking. This clearly takes the case out of the jurisdictional limitation set out in *Providence Redevelopment Agency* v. *Falcone*, 92 R. I. 332, 168 A.2d 466 (1961), in which the court held that *only an owner or owners* may file a petition for assessment of damages under §45-32-34. It is to be noted, further, that petitioners filed their petition on July 21, 1970. Therefore, it is clear that the petition was filed after the actual taking of the property by the Agency and was, therefore, not premature within the rule stated in *Goff* v. *Pawtucket*, 13 R. I. 471 (1881), and *Daigneault* v. *Woonsocket*, 18 R. I. 378, 28 A. 346 (1893).

Having concluded, then, that the trial justice had jurisdiction to hear and determine the petition to assess damages under §45-32-34 and there being no showing that his exercise of that jurisdiction constituted an abuse of his

judicial discretion, we make no decision on the question of whether a determination of that petition for the assessment of damages would constitute a waiver or forfeiture of petitioners' right to prosecute their action challenging the validity of the taking then pending in the Superior Court. Fundamentally, our reason for this is that there is no final decision of the Superior Court before us with respect to the issue raised in that proceeding. It would appear that at the pertinent time it was pending in the Superior Court on a hearing for permanent injunction and that the Superior Court has taken no action to determine whether petitioners were entitled to such injunctive relief. That being so, there is no question before us for decision at this time.

We would suggest, however, that both petitioners and respondent Agency have a responsibility to move the court below to take some action to hear and determine that complaint and to give the Superior Court an opportunity to rule on the question whether petitioners are entitled to such relief or whether it has been waived by their action in seeking an assessment of damages. We would further note that if respondent Agency is of the opinion that a prior decision denying and dismissing petitioners' challenge to the validity of the taking and the adoption of the redevelopment plan is res judicata of the instant complaint, it should take prompt action to bring that issue before the Superior Court for decision.

Having concluded that the trial justice properly proceeded to hear and determine the petition for the assessment of damages, we turn to the question of whether he erred in denying the Agency's motion for a new trial. As the trial justice noted in passing on the motion, under Super. R. Civ. P. 59(a)(2) the court in a nonjury civil action may review its own decision and grant a new trial only if it finds either a manifest error of law in the judgment pre-

viously entered or that there is newly discovered evidence not available at the original trial that is of sufficient importance to warrant a new trial. *Colvin* v. *Goldenberg*, 108 R. I. 198, 273 A.2d 663 (1971).

The Agency makes no contention that its motion rested on newly discovered evidence. Rather, it argues vigorously that there was no evidence in the record that would support the finding by the trial justice that the fair market value of the property was $16,000. It notes that petitioners introduced no evidence whatsoever as to the value of the property at the time of the taking and that the highest appraisal of its fair market value, $10,400,[1] is to be found in the testimony of one of its appraisers. In short, the thrust of the Agency's case is that there is no evidence in the record that would sustain an award of $5,600 in excess of the highest appraisal put into evidence. The trial justice, however, rejected the testimony of these experts, which he obviously may do. He went on to state that on the basis of the location of the property, pictures of it in evidence, the income value thereof, and the fact "that the Court has seen the subject property," he was finding that the fair market value was $16,000.

In *Johnson* v. *Providence Redevelopment Agency*, 96 R. I. 139, 189 A.2d 814 (1963), we held that evidence as to appraised values is not necessarily controlling on the question of fair market value and that other evidence may be considered by the trier of the fact to establish a value in excess of that fixed by the appraisers. However, this case differs from *Johnson* in one significant respect and that is the trial justice's statement that he had "seen the subject property." The transcript discloses that he had been even more explicit, saying: "* * * I'm well familiar

---

[1] While the trial justice indicates that the highest estimate of value was $10,500, a review of the testimony indicates that the highest final value estimate by the Agency expert was $10,400.

with this property since I anticipated I was going to hear this case I viewed the property myself." · It is difficult to interpret these statements other than to conclude that the trial justice took a view of the property.

It is to be conceded that the taking of a view either by a judge or jury is not per se error. It is well established in this state that a view is not evidence but is a device that provides an opportunity for a court or a jury to understand testimony that is to be introduced at a trial. *State v. Frazier*, 101 R. I. 156, 221 A.2d 468 (1966); *Rietzel v. Cary*, 66 R. I. 418, 19 A.2d 760 (1941). As we said in *D'Acchioli v. Cairo*, 87 R. I. 345, 141 A.2d 269 (1958), a view, while it is not evidence, is intended to enable a judge or a jury better to comprehend and apply the evidence adduced at trial.

However, we cannot deny that we are concerned whether or not the court treated its observations of the involved property as evidence. The context in which these remarks were made is persuasive that in fixing the fair market value of $16,000 the court was influenced in no small measure by its observations of the condition of the property. It is difficult to understand the court's determination of the value to be $16,000 if it were not so influenced. In short, we are constrained to conclude that the court used its observations as the evidence on which it based a determination of the fair market value.

That it was error to inject into the case as evidence the result of his observations is clear. However, the question arises whether it was harmless error or in the circumstances prejudicial and, therefore, requires a reversal. We have repeatedly recognized that the admission of incompetent evidence is not necessarily prejudicial error. Such reasoning, in our opinion, should apply equally to situations in which the court has relied on its own observations as if the substance thereof had been put into evidence. It is

well settled that such evidence is prejudicial only when it reasonably appears that the incompetent evidence so influenced the judgment of the trial justice as to have caused him to rest his decision in whole or substantial part on that evidence. *Nugent ex rel. Hurd* v. *East Providence*, 103 R. I. 518, 528, 238 A.2d 758, 764 (1968); *New England Box & Barrell Co.* v. *Travelers Fire Ins. Co.*, 63 R. I. 315, 8 A.2d 805 (1939); *New England Transportation Co.* v. *Doorley*, 60 R. I. 50, 197 A. 205 (1938).

In the circumstances here we are constrained to hold that the court, in reaching its conclusion as to the fair market value of the property, relied substantially on the observations it made in taking the view. We are aware that there is in the record here testimony introduced through an expert appraiser that the fair market value of the property was $10,400 and that this testimony was neither contradicted by other evidence nor impeached. Under the rule laid down in *Gorman* v. *Hand Brewing Co.*, 28 R. I. 180, 66 A. 209 (1907), in such circumstances the uncontradicted and unimpeached testimony will be controlling on the decision. However, in *Jackowitz* v. *Deslauriers*, 91 R. I. 269, 162 A.2d 528 (1960), we said that a trial justice sitting as a trier of the fact may impeach testimony otherwise uncontradicted and unimpeached on the basis of observations which he made of the witness or the manner in which he testified. In our opinion, the trial justice here impeached the testimony of the appraiser who established the fair market value at $10,400. On at least three occasions, in passing upon the respondent Agency's motion for new trial, he expressly stated his rejection of the testimony of the appraiser. In view of this we must conclude that he did rely substantially in reaching his decision on matters which were not in evidence, namely, the observations he personally made of the property while taking a view. It is, therefore, our opinion that the in-

558

terests of the respondent Agency were substantially prejudiced and that the decision of the court must be reversed and that it was error to deny the respondent Agency's motion for a new trial.

The appeal of the petitioners is denied and dismissed, the appeal of the respondent Agency is sustained, the judgment entered below is reversed, and the cause is remanded to the Superior Court for a new trial on the petition for assessment of damages filed by the petitioners.

Motion for reargument denied.

*Samuel Corrado,* pro se, for petitioners.

*Timothy J. McCarthy, Paul F. Casey,* for respondent.