DECISION
This matter was heard by the court sitting without a jury on September 13, 1995. On January 29, 1996, the court entered judgment for the plaintiff in the amount of $97,716. The defendant now moves, pursuant to R.C.P. 59, to amend the judgment or, in the alternative, for a new trial.
The facts of this case, as set forth in the court's previous decision (Clauson v. Kirshenbaum, C.A. No 93-3410, Jan. 19, 1996, Gibney, J.), are as follows. In February of 1991, the plaintiff retained the defendant to represent him in an ongoing divorce proceeding. Prior to defendant's entering an appearance as the plaintiff's attorney, a Family Court judge had ordered that the plaintiff and his wife were each to receive a fifty percent interest in the assets of the marriage. Those assets consisted of the marital domicile and a commercial fishing trawler known as the Maxine Grace. On or about January 9, 1991, the plaintiff's wife applied for an order appointing commissioners to sell the boat. On February 19, 1991, the Family Court appointed William Balkun and Alan Gelfuso as commissioners of the couple's home and boat, respectively. Desmond Connolly of Independent Marine Services, Inc., conducted an appraisal of the boat on March 2, 1991, concluding that its fair market value was $267,300.
The plaintiff hired the defendant in late February of 1991, and the defendant entered his appearance on March 4, 1991. On March 12, 1991, the defendant filed a motion to allow the plaintiff to use the boat while the sale was progressing. The motion was subsequently denied by the Chief Judge of the Family Court on April 19, 1991.
When the parties were unable to reach a settlement concerning the division of their assets, the court ordered Commissioner Gelfuso to list the boat for sale at its appraised value, considering all reasonable offers and presenting them to the court for approval. On May 12, 1991, Commissioner Gelfuso reported that an offer of $160,000 had been made on the boat. On June 4, 1991, the court recognized that this offer constituted the only viable offer and ordered the boat sold. The Chief Judge stated that he would rescind the order if the parties could agree on a settlement within forty-eight hours, provided they pay the Commissioner's fees. The parties failed to reach any such agreement and, on June 6, 1991, the Chief Judge ordered the sale to proceed. The defendant did not attend either the June 4 or June 6, 1991 hearings.
The plaintiff subsequently terminated the defendant and retained attorney Robert Beecher as new counsel in the divorce proceeding. Attorney Beecher advised the plaintiff not to appeal the Chief Judge's decision ordering the boat sold. The plaintiff filed the present legal malpractice action against the defendant on June 2, 1992.
In a nonjury civil action, the court may review its own decision and grant a new trial if it finds a manifest error of law in the judgment previously entered. See R.C.P. 59; Corrado v.Providence Redevelopment Agency, 110 R.I. 549, 554-55,294 A.2d 387, 390 (1972). The defendant argues that because no expert testimony was introduced, judgment in favor of the plaintiff constitutes a manifest error of law. The plaintiff rejects this conclusion, arguing that even assuming an error law occurred (which this plaintiff disputes), appeal, rather than a Rule 59 motion, is the proper avenue of relief for the defendant.
At the trial, the plaintiff presented no expert testimony on the issue of the defendant's alleged deviation from the standard of care. The plaintiff's theory was that the failure to attend the hearings was so obvious as to eliminate the need for such testimony. The court agreed with this theory and found that the defendant's failure to appear at the hearing constituted a clear breach of duty. See Decision at 5.
The court's decision was erroneous, however, for the plaintiff's damages flow not from the defendant's failure to appear at the hearings but rather from his failure to advise the plaintiff to purchase the boat. As the defendant correctly points out, expert testimony is a necessity in legal malpractice cases where the alleged breach of duty is a failure to advise. Because the court's decision is affected by a manifest error of law, it is necessary for the court to reopen the case for the presentation of expert testimony on this issue.
In his motion, the defendant also contends that the plaintiff failed to establish that he had the financial ability to purchase the boat. While there was some evidence that the plaintiff had cash on hand as well as a share in the equity of the marital home, the court should hear evidence as to the plaintiff's ability to obtain other financing to satisfy the full purchase price. The court grants defendant's motion for a new trial for the taking of additional testimony; evidence relative to plaintiff's financial ability to purchase the boat will also be considered. Order to enter.