AMENDED JUDGMENT
This action came before the Court for trial, Mr. Justice Williams presiding, the issues having been briefed by the parties and tried before the Court on stipulated facts and other evidence submitted to the Court and a decision having been duly rendered, it is hereby ordered and adjudged as follows:
1. That judgment shall enter on behalf of the defendants against all of the plaintiffs on all counts and claims seeking declaratory, injunctive and mandamus relief as addressed and in accordance with this Court's decision;
2. That the plaintiffs shall take nothing and be entitled to no relief and that the action shall be dismissed on the merits, and that the defendants shall recover of the plaintiffs their costs of the action.
Order:
_______________________ Clerk
Enter:
_______________________________ J.
 DECISION
Before this Court is the plaintiffs' motion for a new trial and their objection to the form of the judgment entered in relation to this matter.
On October 10, 1997 after several years of prolonged litigation, this Court issued a lengthy and exhaustive decision in this matter addressing the plaintiffs' complaint and forms of relief. Judgment was entered on behalf of the defendants. The plaintiffs now object to the form of the judgment and further pray for a new trial.
In support of their objection to the form of judgment, the plaintiffs contend that the form of the judgment is too comprehensive. The plaintiffs aver that the overbroad language could be prejudicial to their pending suit in federal court. Specifically, the plaintiffs take issue with the suggestion in the form of judgment that implies a declaration of the ownership of the sea-wall, and is inaccurate because it claims to decide and address issues that were omitted in the Court's decision.
The plaintiffs further contend that the language of the judgment suggests that dismissal with prejudice attached to all matters. The plaintiffs claim that there is no basis for dismissing with prejudice those matters that were not addressed by the Court. The plaintiffs suggest that an acceptable form of judgment would be one that simply reads that judgment is entered on behalf of the defendants to the extent and for the reasons set forth in the Court's decision. The plaintiffs further request that if the Court intends to dismiss all claims with prejudice, including those not addressed by the Court, it should specifically state those issues and the Court's justification for doing so.
In support of their motion for a new trial, the plaintiffs assert that they were deprived of due process because three motions filed by the plaintiffs addressing the merits should have been considered prior to the entry of final judgment.[1] As a result, the plaintiffs contend that a new trial is necessary in order to open the final judgment and address the plaintiffs' three motions. The plaintiffs rely on Rule 59 (a)(2) of the Superior Court Rules of Civil Procedure and the case of Corradov. Providence Redevelopment Agency, in support of their contentions. 110 R.I. 549, 294 A.2d 387 (1972).
Moreover, the plaintiffs contend that the Court considered evidence in its determination that was not in evidence, namely, the Framers' intent with regard to Article 1, Section 17 of the Rhode Island Constitution. The plaintiffs also assert that the Court failed to address in its decision, the declaration of ownership of the sea-wall, and "all the legal language and arguments."
The form of the judgment entered and proposed by the defendants is brief, concise and states the following:
 "1. That judgment shall enter on behalf of all the defendants against all of the plaintiffs on each and every count and claim for relief contained in plaintiffs' second amended complaint for declaratory, injunctive and mandamus relief;
 2. The plaintiffs shall take nothing and be entitled to no relief and that the action shall be dismissed on the merits, and that the defendants shall recover of the plaintiffs their costs of the action."
In reviewing the language of the entry of judgment, the Court is mindful that the entry of final judgment should properly reflect the decision issued by this Court on October 10, 1997. The scope of issues in this Court's final decision was teased in part on its previous ruling of September 18, 1997, in response to the plaintiffs' motion for a second amended complaint. In its ruling, the Court stated that the decision would specifically refrain from addressing the issue of the ownership of the sea-wall, and also would instead address the plaintiffs' Coastal Zone Management Act in terms of collective national policy regarding sea access tolls.
As such the final decision specifically addressed and limited certain issues raised by the plaintiffs in their motion, and thus is not inclusive of all counts and claims raised in the plaintiff's second amended complaint. Rather, the issues addressed in the final decision are consistent with the decision of this Court issued on September 18, 1997 with regard to the plaintiffs' motion for a second amended complaint, and the entry of final judgment should indicate accordingly.
With regard to plaintiffs' request for a new trial this Court will apply the applicable standard in its consideration. A motion for a new trial is governed by Rule 59 (a) of the Superior Court Rules of Civil procedure which provides that the court in a non-jury civil action may review its own decision and grant a new trial "only if it finds either a manifest error of law in the judgment previously entered or that there is newly discovered evidence not available at the original trial that is of sufficient importance to warrant a new trial." Corrado v.Providence Redevelopment, 110 R.I. 549, 294 A.2d 387 (1972);Corrado v. Providence Redevelopment, 117 R.I. 647, 370 A.2d 226,appeal dismissed, 434 U.S. 807, 98 S.Ct. 37, 54 L.Ed.2d 64 (1977); Finkelstein v. Finkelstein, 502 A.2d 350, 356 (R.I. 1985). Manifest error of law in a judgment has been defined as one that is "apparent, blatant, conspicuous, clearly evident, and easily discernible from a reading of the judgment document itself. If the error is not obvious unless one reads the underlying decision . . . the error is not a manifest error."American Federation of Teacher v. Rhode Island Board of Regents,477 A.2d 104, 106 (R.I. 1984).
In Corrado, an eminent domain action upon which plaintiffs rely, the judge made an assessment of value of house in question substantially based on his personal observations of the property that were not in evidence and in spite of an uncontradicted expert valuation. 110 R.I. 549, 294 A.2d 387 (1972). The plaintiffs assert that a similar situation exists here inasmuch as this Court's discussion of the Constitutional Convention was not "in evidence" at the time of trial.
The Court fails to see how the reference, review and analysis of highly relevant Constitutional Convention materials that would potentially reveal the intent behind the applicable sections of the Rhode Island Constitution at issues constitute "newly discovered evidence" that was not available at the original trial and that warrants a new trial. The legislative materials referenced and relied upon to assist in the interpretation of statutory law, simply do not constitute "evidence" but essential, useful research relied upon in an effort to glean the intent of the statute, and that was available to both parties at the time of trial. See Finkelstein, 502 A.2d at 356.
Moreover, the mere fact that the plaintiff may disagree with the findings and conclusions of the trial justice is insufficient to warrant a new trial. Anthony v. Searle, 681 A.2d 892, 899 (R.I. 1996). "Reconsideration merely to relitigate old matters is not available under Rule 59 (a)." Id.
In light of the foregoing reasoning, an amended judgment shall enter properly reflecting this Court's decision issued on October 10, 1997, and the plaintiffs' motion for a new trial is denied.
[1] First, the plaintiffs contend that the clerk's office and defense counsel were aware of three motions addressing the merits of the case that were filed prior to the receipt of a cover letter and form of judgment from the defendants. As such, the plaintiffs aver that the cover letter from defense counsel was erroneous and misleading in its indication that there had been no comments received by the plaintiffs. Plaintiffs admit that there was no objection to the form, but their objections to the substance were indicated in their previously filed three motions.