DECISION ON PLAINTIFF RICO CORPORATION'S MOTION TO RECONSIDER
Before this Court is Plaintiff RICO Corporation's (RICO) Motion to Reconsider this Court's August 2, 2002 decision. By its decision, the Court denied RICO's Motion to Amend and ordered judgment in favor of the Defendant, Town of Exeter (Town or Exeter), in RICO's declaratory judgment action.
Briefly, this declaratory judgment matter is before the Superior Court on remand from the Rhode Island Supreme Court.[1] In its remand, the Supreme Court directed the Superior Court to determine a single factual issue: whether, before May 2, 1977, RICO's predecessor-in-interest had been operating a lawfully licensed sand and gravel-earth removal business upon its property in Exeter. Following the remand to this Court, RICO moved to amend its Complaint to add another declaratory judgment claim based on estoppel. Under its new theory of the case, RICO would demonstrate that prior to the Supreme Court's 2001 opinion, everybody involved in the litigation believed that RICO's activities constituted a legal, non-conforming use of its property. Consequently, RICO proposed to argue that this long-shared misconception entitles it to a license by estoppel.
However, in its decision, this Court denied RICO's Motion to Amend. This Court found that despite its liberal interpretation of Super.R.Civ.P. Rule 15(a), an amendment here would violate the Supreme Court's explicit and clear remand instructions. The Court also stated that:
 "RICO has essentially conceded the only factual issue still in dispute; namely, that before May 2, 1977, RICO's predecessor had not been operating a lawfully licensed sand and gravel-earth removal business upon his property. Therefore, RICO's predecessor could not have acquired a valid nonconforming use benefiting the property, and none could have been conveyed to RICO. Judgment shall enter in favor of the Town of Exeter on its declaratory action." RICO Corp. v. Town of Exeter,
C.A. No. W.C. 1995-0361, at 9 (Aug. 2, 2002).
This paragraph, appearing in the conclusion of the decision, essentially foreclosed the opportunity of a trial for RICO.
After judgment, yet before entry of an order, RICO filed the present Motion to Reconsider. RICO sets forth seven "reasons" for challenging this Court's decision. First, Rico notes that the Supreme Court's remand mandates a "full evidentiary and fact intensive inquiry at trial," RICOCorp. v. Town of Exeter, 787 A.2d 1136, 1145 (R.I. 2001). In its reasons numbered 2 through 7, RICO asserts facts on which it would present evidence at trial. However, these arguments challenge either conclusions made by the Supreme Court in its opinion, or facts outside the scope of the remand-i.e., actions taken by the principals in this dispute well-after May 2, 1977. In effect, RICO's present Motion proposes an offer of proof on the amended counts excluded by this Court in its decision.
 MOTION TO RECONSIDER
The Rhode Island Rules of Civil Procedure, like the Federal Rules of Civil Procedure, generally do not recognize or provide for a motion for reconsideration. See generally, Hatfield v. Bd. of Cty. Com'rs forConverse Cty., 52 F.3d 858 (10th Cir. 1995) (citations omitted). However, our Supreme Court, in noting its governance by the "liberal rules" of civil procedure, has "look[ed] to substance, not labels." Sarniv. Melocarro, 113 R.I. 630, 636, 324 A.2d 648, 651-52 (1974). Consequently, "[a] motion can be construed as made under Rule 60(b) even if it is styled as a `Motion to Reconsider . . . .'" James Wm. Moore et. al., Moore's Federal Practice 1997 Rules Pamphlet ¶ 60.2 [9] (1996). Therefore, the Plaintiff's motion can be construed as a motion to vacate under Rule 60(b).
Our Supreme Court has addressed the issue of the Superior Court's power to reconsider decisions rendered after a nonjury trial in a civil matter. Corrado v. Providence Redevelopment Agency, 110 R.I. 549,294 A.2d 387 (1972). In Corrado our Supreme Court held that the trial court could review its own decision and grant a new trial only if it found a manifest error of law in the judgment entered or if there was newly discovered evidence which was unavailable at the original trial and sufficiently important to warrant a new trial. Id. at 554-55. The court defined a manifest error of law as, "one that is apparent, blatant, conspicuous, clearly evident, and easily discernible from a reading of the judgment document itself." American Federation of Teachers Local 2012v. Rhode Island Board of Regents for Education, 477 A.2d 104, 106 (1984).
 ANALYSIS
None of the facts alleged in its Motion, if accepted as true, would prevent this Court from directing a verdict in Exeter's favor on the single issue presented on remand: whether, before May 2, 1977, RICO's predecessor-in-interest had been operating a lawfully licensed sand and gravel-earth removal business upon its property in Exeter. All of the allegations in the Motion relate to facts that occurred at least eight years after the relevant time frame specified in the remand. RICO has not demonstrated the relevancy of the facts it seeks to introduce on the sole issue before this Court.
In the Motion, RICO cites a portion of a quote from the Supreme Court's opinion, stating that "[t]he Court's decision whether to allow RICO to advance those legal theories cannot deprive RICO of a `full and fact intensive inquiry at trial' as ordered by the Rhode Island Supreme Court." (Motion at 1.) (Emphasis in original.) (quoting Rico Corp., 787 A.2d at 1145). However, the quote, in the context of its surrounding sentences reads:
 "We conclude in this appeal that because the issue raised by the town challenging the existence of the . . . [predecessor-in-interest's] alleged nonconforming use constituted a material issue of fact, the Superior Court motion hearing justice was precluded from acting upon and deciding the parties' respective cross-motions for summary judgment.
 That material issue of fact required a full evidentiary and fact intensive inquiry at trial to determine whether, before May 2, 1977, . . . [the predecessor-in-interest] had been operating a lawfully licensed sand and gravel-earth removal business upon his property. If he had been, then on May 2, 1977, when his property became zoned RU-3 rural/residential, he then could have acquired a valid nonconforming use permitting him to continue to do so, despite the new zoning restrictions, and that nonconforming use would have accompanied his later conveyance of the property to RICO. If he had not been operating a licensed and lawful sand and gravel business on his property before May 2, 1977, when the zoning ordinance became effective, he could not have acquired a valid nonconforming use benefiting the property, and none could have been conveyed to RICO. The proper resolution of that material fact was essential to support the validity of the Superior Court's final judgment on October 4, 1999, that was entered following a trial on the merits of RICO's complaint and the town's counterclaim. Its absence compels us to vacate the October 4, 1999 final judgment order." Id. (Emphasis added.)
Consequently, the "full and fact intensive inquiry at trial" relates to the single issue presented by the Supreme Court with respect to this issue. Accordingly, RICO's motion for reconsideration of this Court's denial of the Motion to Amend is denied.
For these reasons, RICO's Motion for Reconsideration is denied. Counsel shall submit an appropriate order for entry.
[1] An extensive summary of the facts and travel of this case is available in the Supreme Court's decision, RICO Corp. v. Town ofExeter, 787 A.2d 1136 (R.I. 2001), as well as this Court's August 2, 2002 decision.