[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
David Mahoney[1] ("Mahoney" or "the appellant") appeals a hearing committee decision recommending that he be terminated from his position with the Warwick Police Department ("the Department") for violating several provisions of the Department's Code of Conduct. The Department requests that the Court uphold the hearing committee's decision. Jurisdiction of this Court is pursuant to G.L. 1956 § 42-28.6-12.
 FACTS AND TRAVEL
In March of 2004, Colonel Stephen McCartney, Chief of the Warwick Police Department, filed departmental charges against Mahoney, alleging that Mahoney had violated several sections of the Department's Code of Conduct. Mahoney faced three charges: (1) Conduct Unbecoming an Officer, which prohibits an officer from conducting himself or herself in a way "which reflects discredit upon his or her fellow officers or upon the police department"; (2) failing to comport with required conduct, Truthfulness, which requires an officer to "truthfully state the facts in all reports as well as when he appears before any judicial, departmental, or other official investigation, hearing, trial, or proceedings"; and (3) violating a prohibition entitled Duty Time Limited to Police Work, which prohibits officers from "devot[ing] any of their `on-duty' time to any activity other than that which relates to police work . . . unless properly authorized." (Hr'g. Comm. Dec., July 23, 2004 at 1-2.) Colonel McCartney recommended that Mahoney be terminated.
The three charges were based on allegations that Mahoney engaged in an inappropriate sexual relationship with a seventeen year-old female cadet ("the cadet"), a member of the Department's Police Explorer Program.[2]Id. at 3. The cadet had alleged that she and the appellant had engaged in consensual sexual relations on five separate occasions between April 2003 and August 2003. Id. at 3. The cadet further alleged that on two of these occasions Mahoney was on duty. Id. Mahoney denied having sexual relations with the cadet on all but one of the occasions alleged, that being on August 9, 2003. However, the hearing committee did not consider the August 9, 2003 incident during their deliberations as it was outside of the scope of the original charging letter. Id. at 2.
Testimony and evidence were received by the hearing committee on the dates of April 8, 2004; April 30, 2004; May 3, 2004; May 6, 2004; May 14, 2004; and May 24, 2004. On July 6, 2004, the hearing committee met to deliberate on the matter and voted two to one that Mahoney was guilty of the three charges against him. The hearing committee issued a written decision containing findings of fact and conclusions of law as to each of the three charges and its decision to follow Colonel McCartney's recommendation that Mahoney be terminated
The appellant timely filed the instant appeal, claiming as grounds for reversal that the hearing committee's decision was made upon unlawful procedure, affected by error of law, was clearly erroneous in light of the evidence, and was arbitrary, capricious, and characterized by abuse of discretion and a clearly unwarranted exercise of discretion. The Department asserts that the decision is supported by the reliable, probative, and substantial evidence in the record and is not clearly erroneous and should therefore be upheld.
 STANDARD OF REVIEW
"The Law Enforcement Officer's Bill of Rights is the exclusive remedy for permanently appointed law enforcement officers who are under investigation by a law enforcement agency for any reason that could lead to disciplinary action, demotion, or dismissal." City ofEast Providence v. McLaughlin, 593 A.2d 1345 (R.I. 1991). If an investigation of a law enforcement officer results in the recommendation of punitive action against the officer, the officer is entitled to a hearing before a hearing committee. Sections 42-28.6-1 and 42-28.6-4. The hearing committee has broad discretion to sustain, modify, or reverse the complaint or charges of the investigating authority. Section 42-28.6-11. An officer may appeal the decision of a hearing committee to the Superior Court; for purposes of the appeal, the hearing committee is "deemed an administrative agency and its final decision shall be deemed a final order in a contested case within the meaning of §§ 42-35-15 and 42-35-15.1." Section 42-28.6-12. Thus, the standard of this Court's review is identical to that applied to administrative appeals:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error or law; [sic]
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Section 42-35-15(g).
When acting pursuant to § 42-35-15, the Superior Court sits as an appellate court. Mine Safety Appliances Co. v. Berry, 620 A.2d 1255, 1259
(R.I. 1993). The Court is confined to "an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." Johnston Ambulatory Surgical Assoc.,Ltd. v. Nolan, 755 A.2d 799, 805 (R.I. 2000) (quoting Barrington Sch.Comm. v. Rhode Island State Labor Relations Bd., 608 A.2d 1126, 1138
(R.I. 1992)). The Court "may reverse [the] findings of the administrative agency only in instances where the conclusions and the findings of fact are totally devoid of competent evidentiary support in the record, or from the reasonable inferences that might be drawn from such evidence."Bunch v. Bd. of Review, 690 A.2d 335, 337 (R.I. 1997) (citations omitted). The Court reviews questions of law de novo. Narragansett WireCo. v. Norberg, 118 R.I. 596, 376 A.2d 1, 16 (R.I. 1977); Bunch,690 A.2d at 337.
 ARGUMENTS PRESENTED
The appellant argues that the hearing committee erroneously found that there were five instances of sexual contact between Mahoney and the cadet because the majority of the cadet's testimony was focused on one occasion. In addition, Mahoney argues that the cadet's testimony, upon which many of the hearing committee's findings are based, is not credible, pointing to inconsistencies between her testimony and other evidence presented by the appellant. The appellant also contends that the hearing committee overlooked or misconceived material evidence. Finally, Mahoney argues that the testimony of Scott Albanesa ("Albanesa") — which tended to corroborate the cadet's story — was not properly considered by the hearing committee because Mahoney was not given advance notice by the Department that Albanesa was to be called as a witness as required by §42-28.6-5(e).
Arguing in support of the hearing committee's decision, the Department asserts that reliable, probative, and substantial evidence in the record supports the hearing committee's guilty findings on all three charges. The Department further asserts that the decision is amply supported by the hearing committee's detailed discussion of the evidence and urges this Court to uphold it in all respects.
 COMMITTEE'S FINDINGS
The hearing committee was required, by statute, to formulate a written decision including findings on each issue of the case. Section 42-38.6-11(b). In compliance therewith, the hearing committee addressed the three charges and the recommended action separately.
Regarding the charge of Conduct Unbecoming an Officer, the hearing committee summarized the evidence with which it was presented. Most significant to its decision was the testimony of the cadet; a majority of the hearing committee found that "her demeanor and responses were an unguarded attempt to assist the panel in finding the truth" and that her testimony was credible.[3] (Hr'g. Comm. Dec., July 22, 2003 at 7.) In addition, though it noted that in cases involving intimate sexual relations it is not unusual that corroborative evidence is often unavailable; the hearing committee specifically found that other circumstantial evidence did corroborate the cadet's allegations. Id. at 3-4. In particular, the hearing committee found that the two had inappropriate sexual relations while Mahoney was on duty and in uniform on May 31, 2003. Id. at 7. The hearing committee noted that this finding was premised on the cadet's testimony and consistent circumstantial evidence: three friends of the cadet testified to the circumstances leading up to the alleged encounter, corroborating the cadet's testimony; Albanesa, who had been stopped by Mahoney for a traffic violation shortly before the encounter, placed Mahoney near the place of the alleged occurrence at a time consistent with the other witnesses' testimony; and records of the cadet's cellular phone calls from that day which were consistent with her version of the events. Id. at 6-7.
The cadet also testified that she had engaged in sexual relations with Mahoney on four additional occasions, first at his apartment and later at his house. With regard to these allegations, the hearing committee gave credence to the cadet's testimony and specifically found that "Officer Mahoney's testimony concerning his relationship with [the cadet] was not completely forthcoming and truthful," citing particular statements by the appellant it found to be not believable. Id. at 8.
A majority of the hearing committee also found, based on the testimony of officers involved in the Explorer Program and the cadet's own testimony, that the cadet was an active member of the Warwick Police Department's Explorer Program at least until July 2, 2003, during which time four of the alleged five sexual encounters — all of those actually charged — had taken place.[4] Id. at 8.
In finding the appellant guilty of Conduct Unbecoming an Officer, the hearing committee found that
 "a reasonable police officer clearly understands his or her position as a role model and mentor who is looked upon for guidance by [members of the Explorer Program] who may seek a profession in Law Enforcement for doing the public good. Obviously, engaging in a sexual relationship with a 17 year-old police cadet (Officer Mahoney was 30 years old at the time of the encounters) is not behavior of a good police role model." Id. at 9.
On the charge of not telling the truth in an official investigation, the hearing committee found Mahoney guilty based on findings that he had falsely denied having sexual relations with the cadet while on duty. Id.
at 9-10. The hearing committee, having reviewed the transcript of a recorded interview of Mahoney by an investigating officer, noted that Mahoney denied on-duty sexual relations with the cadet during the interview, that he was then advised that any untruthfulness could result in additional charges, and that he continued to deny the allegations.Id. Because the hearing committee found that the appellant had sexual relations with the cadet while on duty, and had denied it during the course of an official investigation, contrary to the Code of Conduct, the hearing committee concluded that the Department had proved by a preponderance of the evidence that Mahoney was guilty of failing to tell the truth in an official investigation. Id. at 10.
Finally, with regard to the charge that the appellant had violated a prohibition on conducting non-law enforcement related activities while on duty, the hearing committee, having already found that the appellant had had sexual relations with the cadet while on duty, determined that such conduct did not constitute police work and therefore found Mahoney guilty on that charge as well. Id.
The hearing committee's findings of guilt on the three charges are all premised on its findings that the appellant had inappropriate sexual relations with the cadet on several occasions, twice while on duty. This Court's review of these findings is very limited; it may not review the evidence de novo, weigh the evidence, or judge the witnesses' credibility, but must simply review the record for competent evidence — meaning "more than a scintilla but less than a preponderance" of evidence — supporting the hearing committee's findings. Rhode Island Temps, Inc.v. Dept. of Labor and Training, 749 A.2d 1121, 1125 (R.I. 2000) (citations omitted). The appellant's arguments that the cadet's testimony was not credible and that conflicting evidence should have been given more weight are therefore unavailing. Finding no clear error in the hearing committee's finding that the cadet was more credible than Mahoney, the Court has no authority to assess the witnesses' credibility on a cold record. See Environmental Scientific Corp. v. Durfee,621 A.2d 200, 206 (R.I. 1993) ("observations of live testimony necessarily enter into a determination of what the trial judge believes and disbelieves. . . . Before disturbing findings based on credibility determinations, the appellate division must first find that the trial judge was clearly wrong") (internal citations omitted). Further, after reviewing the record, the Court is satisfied that there was ample competent evidence in the record to support a finding that Mahoney had engaged in an inappropriate sexual relationship with the cadet, and had engaged in sexual activities with her while on duty and in uniform. In addition to direct evidence in the form of the cadet's own testimony,see Hr'g Tr., May 3, 2004 at 55-56, found by the hearing committee to be reliable, there is competent circumstantial evidence in the record in the form of witness testimony, Hr'g Tr., May 3, 2004, 123-124, 128; Hr'g. Tr. At 3-5, and telephone records, see Pl. Ex. 21, all of which are consistent with the cadet's account. The hearing committee acknowledged contrary evidence presented by Mahoney but rejected the inferences it was asked by Mahoney to make, giving greater weight to the evidence presented by the Department. (Hr'g. Comm. Dec., July 22, 2003 at 5-6.) In addition, although Mahoney was able to demonstrate that the cadet had made prior inconsistent statements regarding the alleged encounters, particularly in regard to dates, the hearing committee found her live testimony believable. The Court concludes that the hearing committee did not misconceive or overlook material evidence as Mahoney contends; rather, it considered but rejected much of the evidence upon which the appellant now relies.
As to the appellant's assertion that the testimony of Albanesa should have been stricken from the record because the Department failed to provide notice that it intended to call him, the argument is without merit. According to the appellant, the hearing committee, not the Department, called this witness. (Appellant's Amended Mem. at 7.) Our Supreme Court has stated that "[e]ndowed with broad powers of investigation by the General Assembly, the [hearing] committee . . . may call witnesses." City of East Providence v. McLaughlin, 593 A.2d 1345, 1348
(R.I. 1991). Section 42-28.6-5(e), cited by the appellant, requires parties to give notice of expected witnesses; however, there is no requirement that the hearing committee provide notice of the witnesses it intends to call. Furthermore, "even were [the Court] to conclude that this testimony was improper, [it] would reverse only if it were the sole basis" for the hearing committee's findings. Milardo v. Coastal ResourcesMgmt. Council, 434 A.2d 266, 272 (R.I. 1981); see also Corrado v.Providence Redevelopment Agency, 294 A.2d 387, 391; 110 R.I. 549, 556
(1972) ("evidence is prejudicial only when it reasonably appears that the incompetent evidence so influenced the judgment of the trial justice as to have caused him to rest his decision in whole or substantial part on that evidence"). Albanesa testified that Mahoney pulled him over on the night of May 31, 2001, and that the stop lasted only twenty-five minutes, not nearly an hour as Mahoney claimed, thus refuting Mahoney's alibi for that night. The Court finds that even absent that testimony, substantial evidence in the record in the form of other witnesses' testimony, including that of the cadet, supports the hearing committee's findings that Mahoney was with the cadet on the evening of May 31, 2001.
Mahoney's argument may be distilled down to one assertion, that "there is no way that the [cadet's] version of events can be believed by a reasonable person." (Appellant's Amended Mem. at 8.) Mindful of the deference owed to the hearing committee, and in light of this Court's review of the entire record, the Court finds this argument to be without merit.
 THE PENALTY
The Department requested that Mahoney be terminated because his "serious willful violations of the Warwick Police Department's Rules and Regulations and violations of public trust have brought in question [his] effectiveness as a member of the Warwick Police Department." (Pl. Ex. 1.) In its written decision, the hearing committee addressed this concern, discussing the seriousness of the charges. It noted that the City of Warwick had lost trust in the appellant's effectiveness as a member of the Department. (Decision at 10.) It also "recognized society gives special trust to law enforcement officials, and empowers them to exercise authority over all citizens' inalienable rights of liberty and freedom."Id. Finding Mahoney's conduct to have been egregious, his judgment poor, and his credibility doubtful, the majority of the hearing committee found that the seriousness of the violations demanded that he be terminated.Id. at 10-11. The appellant has not disputed this finding. As the hearing committee's conclusions underlying the imposition of this penalty are supported by competent evidence in the record, the Court must affirm the imposition of this penalty.
 CONCLUSION
After reviewing the entire record, this Court finds that the hearing committee's findings and decision are not clearly erroneous, but are supported by reliable, probative, and substantial evidence. The decision of the hearing committee was within its authority, made upon proper procedure, unaffected by error of law and neither arbitrary, capricious, nor an abuse of discretion. Accordingly, the hearing committee's findings of guilt on the three charges against the appellant and the recommendation to terminate the appellant's employment with the Warwick Police Department are upheld. Counsel shall submit an appropriate order for entry, consistent with this decision.
[1] The Civil Case Cover Sheet indicates this case was filed as "City of Warwick v. David Mahoney — PC 2004-4575. However, David Mahoney is the Appellant and the City of Warwick Police Department is the Appellee in this matter.
[2] The Explorer Program is an internship program for individuals aged fourteen to twenty-one designed to provide an introduction into the field of law enforcement.
[3] The hearing committee acknowledged evidence that the cadet had provided false information concerning her relationship with another Warwick police officer, but noted that the majority had found that the fabrication related solely to the other officer and did not affect the credibility of the allegations regarding Mahoney. (Dec. at 9.)
[4] The appellant has not objected to this finding on appeal.