209 A.2d 212.

JEAN B. GENDRON *vs.* WALTER E. STONE *et al.*

APRIL 21, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the respondent Stone's refusal to accept the petitioner for reappointment as a member of the division of state police and the action of the other respondents sitting as a hearing board in recommending denial of the pe-

titioner's reappointment. We issued the writ and in response thereto all the records and papers pertinent to such proceedings have been certified to this court for our consideration.

The following facts appear therefrom. On June 29, 1958 petitioner was appointed as a trooper in the division of state police by the superintendent for a term of three years. G. L. 1956, §42-28-10. At the completion thereof he was reappointed in June 1961 for a second term of three years. In June 1964 he formally applied to the superintendent for a further reappointment.

In response thereto he received a letter from the superintendent, respondent Stone, dated June 25, 1964, refusing reappointment on the ground of "inadaptability" and informing him of a hearing to be held before a board of officers of the division to receive evidence in support of such ground. A second letter dated June 26, 1964 was received by petitioner from respondent Stone stating that the ground for his refusal to reappoint petitioner was "Inadaptability in violation of Basic Regulation #4 (c) of the Rhode Island State Police Department Regulations dated January 1, 1939."

On July 2, 1964 the board consisting of respondents Captain Theodore T. Gruczka and Lieutenant Albert H. Jackvony held a hearing at which petitioner was present and was represented by trooper Robert Kenahan. Although petitioner had retained legal counsel to represent him the board refused such counsel admittance to the hearing on the authority of Department Regulation #5 which reads in part: "No one shall be permitted to appear at a hearing as an attorney for the accused other than members of the department."

At the opening of the hearing respondent Gruczka announced that the ground for respondent Stone's refusal to reappoint petitioner was not his violation of regulation #4

(c) but rather #4 (e). The hearing proceeded on that basis without objection by petitioner and lasted all day. A number of officers and troopers of the division testified and at the conclusion of the evidence the board recommended that petitioner not be reappointed. By letter of July 3, 1964 respondent Stone notified petitioner of such recommendation and that he was not reappointing petitioner.

The petitioner contends that under §42-28-14 he is entitled to an honorable discharge and thereupon is entitled to reappointment to the division. He contends further that under the law as decided in *Garvin* v. *McCarthy*, 39 R. I. 365, *Girouard* v. *Board of Police Commissioners*, 52 R. I. 47, *Hanna* v. *Board of Aldermen*, 54 R. I. 392, and *Petrarca* v. *State*, 96 R. I. 210, 190 A.2d 477, respondent Stone could not validly remove him from office before he was given notice in writing of the specific charges laid against him and an opportunity to be heard thereon. He finally argues that in any event the record of the hearing reveals no credible evidence that would justify his removal from the state police.

Each of the above contentions is predicated on the theory that petitioner was in fact removed from his office of trooper. We find nothing in the record to that effect. On the contrary, it is undisputed that he had completed his second term of appointment, or enlistment as it is sometimes called, and that he was requesting reappointment for a third term. Under §42-28-10 the superintendent has the sole power of appointment of members of the division of state police and such appointment is limited to a term of three years. There is nothing in that section or in any other section of the chapter governing the organization of the division of state police which makes the successful completion of such original appointment the basis for continued tenure of office. On the contrary it is expressly provided by §42-28-22 that chapters 8 to 10 inclusive of title 36 relating to the civil

service retirement system shall not be construed to apply to members of the division of state police.

In other words there is no security of tenure for such members except that during their period of enlistment they may not be removed from office without a hearing in accordance with rules and regulations of the division. It was this provision which constrained us to hold in *Petrarca* v. *State, supra,* that the disciplinary action attempted against the member there was void because in our opinion he was denied a judicial hearing to which he was entitled. In that case the superintendent had sought to reduce the member from the rank of lieutenant to corporal for violation of regulations without first giving him notice of a hearing thereon and we cited *Garvin* v. *McCarthy, supra.*

But such is not the case of the instant petitioner. He was not removed from office or deprived of any privilege or emolument to which he was entitled by virtue of the completion of his term of enlistment and therefore such cited cases relied upon by petitioner are not in point. There is no merit in his contention that having satisfactorily completed his term "and having invested a portion of his life in the service of the State, he is entitled to be reappointed and to continue with satisfactory service toward the retirement benefits set forth in *R.I.G.L.* §42-28-22 upon completion of twenty years of service." It may seem harsh that it is so, but that section cannot reasonably be construed to that effect. It does not expressly so provide and it would be straining the legislative language beyond all reason to hold that it does by implication.

It is true that a hearing in the case was held, but it was not a hearing required by law. The respondent Stone characterized it in his letter to petitioner as merely a courtesy and not a hearing to which he was entitled as a matter of law to determine whether there was good cause for respondent denying him reappointment. The respondent

554

Stone was under no obligation to apprise petitioner of the cause of such decision. That he stated it was because of petitioner's "inadaptability" did not bind respondent to prove such cause before the hearing board. Therefore whether the evidence adduced at such hearing was of probative force is of no consequence. And for the same reason the composition of the board and the manner in which it proceeded with the hearing without according petitioner benefit of legal counsel are matters not in themselves of decisive importance in determining whether the actions of respondents are illegal and void and therefore should be quashed. The insuperable difficulty in petitioner's claim for relief is that all of his contentions in support thereof are predicated upon a premise which does not exist, namely, that he was *removed* from his office of trooper.

At one point in his brief the petitioner contended that he was denied due process in violation of the fourteenth amendment to the federal constitution in that he was deprived of his property, namely, his interest in his office of trooper, without a judicial hearing. There is no merit in such contention because it is too well settled for argument that a state officer has no contractual right or property interest in his office and in the absence of a constitutional provision protecting him has no vested interest of any kind. *Gorham* v. *Robinson*, 57 R. I. 1.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records and papers certified to this court are returned to the respondents with our decision endorsed thereon.

*David F. Sweeney*, for petitioner.

*J. Joseph Nugent*, Attorney General, *Corinne P. Grande*, Special Counsel, for respondents.