Colonel Edmund **CULHANE, Jr.**

v.

Albert **DeROBBIO, Jr.**

No. 93–621–Appeal.

Supreme Court of Rhode Island.

Oct. 14, 1994.

Casby Harrison, III, Fausto Anguilla, Providence.

Thomas Tarro, III, Warwick.

## ORDER

This case came before the court for oral argument October 6, 1994, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and conclude that the issues raised by this appeal should be summarily decided.

Colonel Edmund S. Culhane, Jr. (plaintiff) declined to reappoint Albert E. DeRobbio, Jr. (trooper) at the expiration of his three-year term of enlistment as a member of the state police. At oral argument it was conceded by the trooper that pursuant to G.L. 1956 (1993 Reenactment) § 42–28–10, the plaintiff had the unreviewable authority to reappoint or not reappoint the trooper to another term. *See Gendron v. Stone,* 99 R.I. 550, 209 A.2d 212 (1965). It is the contention of the trooper that this decision not to reappoint should not interfere with his right to continue to collect disability pay which he has received during the last three years. He and the defendant, Rhode Island State Police, Lodge 25, Fraternal Order of Police (FOP), contend that this is an arbitrable issue under the collective bargaining agreement and that it should have gone to arbitration in accordance with that agreement. Pursuant to a complaint for declaratory judgment, a justice of the Superior Court held that not only was the decision not to reappoint not arbitrable, but also that the trooper was no longer enti-

tled to continue to receive disability pay, since that benefit was terminated upon the trooper's ceasing to be a member of the state police. With this determination we agree.

It should be noted that the trooper had, while still within his term of enlistment, applied for a disability pension pursuant to § 42–28–21. This application was denied by the plaintiff on the ground that the disability of the trooper had not been shown to have been incurred in the course of performance of his duty. This denial was not challenged by the trooper pursuant to the collective bargaining agreement or otherwise.

We conclude that the trial justice was correct in determining that the trooper's status as a member of the state police terminated at the end of his enlistment and that, therefore, he was no longer entitled to disability pay. The question of his entitlement to a disability pension was not before the Superior Court, and is not now before us. We decline to comment upon which remedy, if any, may be available to the trooper in respect to such a pension.

The defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed.