DECISION
Before this Court is plaintiff Raymond Canario's motion for a new trial. In his motion, the plaintiff asserts that this Court erroneously reviewed the denial of the plaintiff's application for a disability pension by employing an arbitrary and capricious review standard instead of a de novo standard.
On January 15, 1998, this Court issued a decision in the instant case, affirming defendant Colonel Culhane's decision not to award the plaintiff a disability pension. The pertinent facts of the instant matter are contained in that decision. The plaintiff subsequently filed the instant motion for a new trial. The plaintiff argues that Firestone Tire and Rubber Co. v. Bruch,489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) requires this Court to employ a de novo standard of review unless the pension plan administrator has discretionary authority expressly granted to the administrator. The plaintiff states that Colonel Culhane has not been granted such express discretionary power over state police disability pensions pursuant to § 42-28-1 et seq. The plaintiff further argues that discretionary authority may not be granted by implication and cites De Nobel v. Vitro Corp.,885 F.2d 1180 (4th Cir. 1989), Cathey v. Dow Chemical Co. MedicalCare Program, 907 F.2d 554 (5th Cir. 1990), Moon v. American HomeAssur. Co., 888 F.2d 86 (11th Cir. 1989) to support this proposition. Therefore, the plaintiff argues that this Court must grant a new trial to the plaintiff because this Court erroneously employed the arbitrary and capricious review standard instead of the proper de novo standard.
At the outset, this Court notes that the above federal cases "though not binding on this Court in reviewing a Rhode Island statute, may be of persuasive authority." Pontbriand v. Sundlun,699 A.2d 856, 866-867 (R.I. 1997). When this court citedFirestone, supra, and Recupero v. New England Tel. and Tel. Co.,118 F.3d 820 (1st Cir. 1997), this Court did not cite these cases for direct authority. Instead the Court analogized the policy considerations discussed in these cases to similar policy considerations granting the State Police Colonel wide discretion in employment decisions. See generally, Culhane v. DeRobbio,649 A.2d 507 (R.I. 1994); Gendron v. Stone, 99 R.I. 550, 209 A.2d 212
(1965). As this Court construed a Rhode Island statute, the plaintiff's assertion that a manifest error of law occurred is incorrect. The decision clearly indicated that the cited federal decisions on ERISA (Employee Retirement Income Security Act) and LMRA (Labor Management Relations Act) pension plans were offered to illustrate policy considerations involved in determining a review standard, not direct binding authority.
However, this Court points out, as it mentioned in its previous decision, that there is language in the State Police statute which gives discretionary power to the Colonel (otherwise known as Superintendent) in awarding disability pensions. A member of the state police who has suffered a disability "whose dependence shall be determined from time to time by the superintendent subject to confirmation by the governor, shall be entitled to an annual pension. . . ." Section 42-28-21(a). The phrase "whose dependence shall be determined from time to time" in essence means that the Colonel has discretion in determining who is eligible for a disability pension. "The court in Firestone
surely did not suggest that `discretionary authority' hinges on incantation of the word `discretion' or any other `magic word.'"Block v. Pitney Bowes Inc., 952 F.2d 1450, 1453 (D.C. Cir. 1992). As long as the administrator has discretion in determining eligibility for disability benefits, the court may review the administrator's decision on an arbitrary and capricious review standard. Recupero, 118 F.3d at 827. The language granting the administrator discretionary authority over eligibility or interpretation need not be expansive or overly broad. See Lakeyv. Remington Arms Co. Inc., 874 F.2d 541, 544 (8th Cir. 1989) (a provision which said that the company "attempts to interpret the more usual situations that may arise in the application of the principles of the [severance] policy" demonstrated that the company had discretionary authority). For the foregoing reasons, this Court finds that it employed the correct review standard in deciding to affirm the decision denying the plaintiff a disability pension.
Even assuming, arguendo, that the instant case should have been reviewed on a de novo basis, this Court finds that the plaintiff was still not entitled to a disability pension. The principal facts in dispute were resolved in favor of the plaintiff. This Court accepted the fact that the plaintiff had actually checked the flags and that Major Benjamin had mentioned to the plaintiff that the plaintiff should make sure the flags were taken down. Essentially, a legal question remained as to whether the plaintiff's activities qualified him for a state police disability pension. This legal decision remained the same whether a de novo or arbitrary and capricious standard was imposed. "[Q]uestions of law . . . are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts." Carmody v. Rhode Island Conflict ofInterest, 509 A.2d 453, 458 (R.I. 1986).
"[T]he court in a nonjury civil action may review its own decision and grant a new trial only if it finds either a manifest error of law in the judgment previously entered or that there is newly discovered evidence not available at the original trial that is of sufficient importance to warrant a new trial." Corradov. Providence Redevelopment Agency, 110 R.I. 549, 294 A.2d 387, 390 (1972). No manifest error of law having occurred in the judgment, the plaintiff's motion for a new trial is denied.
Counsel shall prepare the appropriate order.