**John M. FERREIRA**

v.

**Edmond S. CULHANE, Jr., in his capacity as Superintendent of the Rhode Island State Police, et al.**

**No. 98–391–A.**

Supreme Court of Rhode Island.

June 4, 1999.

Thomas A. Palombo, Providence.

Christopher S. Gontarz, Portsmouth.

**ORDER**

The plaintiff, John M. Ferreira, appeals from the entry of summary judgment on behalf of the defendants, Edmond S. Culhane, in his capacity as Superintendent of the State Police, and Nancy J. Mayer, in her capacity as General Treasurer of the State of Rhode Island.[1] This appeal came before the full court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. Having reviewed the memoranda submitted by the parties and other materials in the record, we proceed to decide this case without further briefing or argument.

1. The current State Treasurer if Paul J. Tavares.

This case involves the plaintiff's attempts to have his regular retirement pension from the State Police reclassified as a disability pension. The central facts are not in dispute. Plaintiff was a member of the State Police force from 1967 through April 20, 1991. Prior to his appointment, he was given a physical examination, which he passed. During the course of his employment, he was given periodic physical examinations by the state police surgeon, which he also passed. In 1982, he was diagnosed with hypertension, which was controlled by medication for the duration of his employment. In 1991, the state was experiencing fiscal problems so severe that all state employees' salaries were involuntarily reduced by ten percent. Because state pensions are based on an employee's actual salary, the reduction in pay could have potentially reduced the pensions of employees close to retirement. As an incentive to encourage early retirement during the fiscal crisis, the state permitted certain employees to retire and still receive their full pensions. In mid-April 1991, all commissioned State Police officers were advised that April 21, 1991 was the deadline for choosing that retirement option. Plaintiff elected to retire, effective April 21, 1991, and explained in his notice to Colonel Culhane that he reached this decision "due to the economic times the State is suffering."

The next month, plaintiff requested a change in his pension status, from an ordinary retirement pension to a disability pension due to hypertension. After Colonel Culhane denied his request, plaintiff filed two actions in Superior Court: a complaint for declaratory relief and an administrative appeal from the denial of his request to have his pension reclassified. The two matters were consolidated, and the parties filed cross-motions for summary judgment. The trial justice granted the defendants' motion, reasoning that there was no abuse of discretion in Colonel Culhane's decision to deny the request for reclassification.

On appeal, plaintiff argues that the trial justice failed to set forth the factual basis for her decision, and, therefore, her decision should be overturned. Defendants respond that the Superintendent of the State Police has great discretion in determining an officer's eligibility for a disability pension, and that plaintiff has failed to establish any abuse of discretion in this case.

We agree with the defendants. In light of the undisputed facts presented, Colonel Culhane's decision not to reclassify plaintiff's pension status was neither arbitrary nor capricious. We see no abuse of discretion whatsoever in his decision. We also note that plaintiff has focused solely on his administrative appeal and has not raised any arguments on appeal specifically regarding his declaratory judgment claim. Issues that are neither briefed nor argued are considered waived. *State v. Vorgvongsa,* 692 A.2d 1194, 1197 (R.I.1997); *In re Assalone,* 512 A.2d 1383, 1384 n. 1 (R.I. 1986). We conclude that plaintiff has waived any issues relating to the denial his request for declaratory relief. Even if we were to consider whether that request was properly denied, we would be compelled to deny the appeal. Plaintiff alleged that he was entitled to a disability pension pursuant to G.L. 1956 § 42–28–21 and Art. XIV § 14.3 of the collective bargaining contract. Defendants point out that plaintiff had no right to receive a disability pension under the collective bargaining agreement, because as a former lieutenant, he was expressly excluded from the bargaining unit. Moreover, § 42–28–21 provides that a member of the State Police who has suffered injury causing disability or death in the performance of his or her duties shall be entitled to a disability pension. Although plaintiff may have been diagnosed with hypertension while he was a member of the police force, there is no evidence at all that he was disabled because of that condition.

For the foregoing reasons, we deny and dismiss this appeal and affirm the judg-

ment of the Superior Court, to which we remand the papers in the case.

LEDERBERG, J., did not participate.