Raymond CANARIO

v.

Edmond S. CULHANE, Jr., et al.

No. 99–36–Appeal.

Supreme Court of Rhode Island.

June 7, 2000.

Frederick A. Costello, Warwick, for Plaintiff.

Neil F.X. Kelly, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on an appeal by Raymond Canario (plaintiff), a retired lieutenant of the Rhode Island State Police, from a judgment entered in the Superior Court. The judgment affirmed a determination by Colonel Edmond S. Culhane, Jr. (superintendent) that denied plaintiff a disability pension to which he claimed entitlement pursuant to G.L.1956 § 42-28-21(a), which provides in pertinent part:

> "Injury and death benefits.—If any member of the division whose service is terminated on or after January 1, 1960 *shall have in the course of performance of his or her duties suffered injury causing disability or causing death, that member* or his or her surviving dependent relatives, whose dependence shall be determined from time to time by the superintendent subject to confirmation by the governor, *shall be entitled to an annual pension of seventy-five percent (75%) of the annual salary paid to that member at the time of his or her termination of service by reason of injury or death.* * * * The provisions of chapters 29—38, inclusive, of title 28, shall not apply to members of the division." (Emphasis added.)

We affirm the judgment of the Superior Court. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiff was appointed as a member of the state police in July 1970. In March 1986 he was promoted to the rank of lieutenant, and was commanding officer of the Portsmouth barracks. On July 6, 1989, plaintiff was involved in a collision with a car while operating his personally owned motorcycle. His wife was a passenger on the motorcycle at the time of the collision. On that evening at 5 p.m. plaintiff had left the barracks at the end of his scheduled period of duty and returned to his home. As a result of an earlier conversation with Major Lionel Benjamin, plaintiff felt compelled to make certain that the flags of the United States that were flown at the Portsmouth barracks were taken down from the flag staffs at sunset. In fact, Major Benjamin had reprimanded plaintiff for failing to make certain on previous occasions that the flags either were taken down at sunset or properly illuminated in accordance with prescribed etiquette for display of a flag of the United States.

Before leaving the barracks, plaintiff had notified one of the troopers to be sure that the flags were taken down at sunset. The plaintiff and his wife left their home to check the Portsmouth barracks and to be sure that the flag detail had performed its duties, but on the way stopped at a carnival in Bristol to meet some friends and have some refreshments. They arrived at the Portsmouth barracks at approximately 9:45 p.m. After making certain that the flags had been properly removed and that the barracks were properly illuminated, plaintiff and his wife proceeded toward their home. Their motorcycle and a car collided between six and seven miles from the barracks shortly after 10 p.m. The plaintiff was seriously injured in this accident and was unable to perform all his duties as a state police lieutenant. He returned to light duty at various barracks. In June 1990 plaintiff applied for a disability pension through his attorney. The su-

perintendent, then Colonel Walter E. Stone, advised him not to be in a hurry about seeking the pension because he was receiving his full salary. Nevertheless, plaintiff did submit a formal request for a disability pension on June 15, 1990. Colonel Stone did not act on the request. In September 1990, Colonel Culhane assumed the office of superintendent. Thereafter, plaintiff renewed his request for a disability pension.

The superintendent investigated the events surrounding the automobile accident and determined that the injury was not work-related. Consequently, he denied plaintiff's request for a disability pension and placed him on a retirement status pursuant to § 42–28–22, which provided that any member of the state police who had served for twenty years may be retired by the superintendent with the approval of the governor on a pension equal to one-half his salary as of the date his retirement became effective. Such a retirement required the approval of the governor, which apparently was given. The retirement status selected by the superintendent was less favorable than the disability retirement requested by plaintiff.

The plaintiff filed an action in the Superior Court in which he asserted that he was entitled to a disability pension and that his due process rights under the Fourteenth Amendment were violated when he was not granted a hearing by the superintendent. A justice of the Superior Court tried the case on its merits without the intervention of a jury, but applied a standard of review of the superintendent's decision that resulted in the affirmation of that decision on the ground that it was neither arbitrary nor capricious, and that in the light of the facts of the case the superintendent's decision constituted a rational determination.

The plaintiff filed a motion for a new trial, contending that the Superior Court justice should have applied a de novo standard of review rather than the arbitrary and capricious standard. The trial justice denied the motion for new trial on the ground that § 42–28–21 conferred upon the superintendent discretionary authority either to award or withhold a disability pension and that consequently an arbitrary and capricious standard of review was appropriate under the circumstances. The plaintiff filed this appeal from the Superior Court judgment. In support of his appeal, plaintiff raised two issues. The superintendent filed a brief in which he responded to those issues.

■ However, at oral argument, counsel for the superintendent challenged the subject matter jurisdiction of the Superior Court and contended for the first time that the Superior Court lacked subject matter jurisdiction to review the decision of the superintendent. Generally, this Court would not entertain an issue raised for the first time at oral argument, particularly an issue that had not been raised before the Superior Court. However, since subject matter jurisdiction may be raised at any time, we shall address this issue. But we admonish counsel for the superintendent that as an officer of the Court he should not be excused from his obligation to raise such a dispositive issue in his brief in accordance with Rule 16 of the Supreme Court Rules of Appellate Procedure, as well as in the trial court so as to give notice to the trial justice of such a challenge. We shall consider this issue first since it would be dispositive of all other claims.

I

Subject Matter Jurisdiction

Section 42–28–21 does not provide any specific method of review of a determination by the superintendent in respect to a disability pension, except that such determination shall be confirmed by the governor. Nevertheless, we are of the opinion that the Superior Court has jurisdiction to construe the rights and responsibilities of any party arising from a statute pursuant to the powers conferred upon the Superior

Court by G.L.1956 chapter 30 of title 9, the Uniform Declaratory Judgments Act. Specifically § 9–30–2 provides as follows:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations *are affected by a statute*, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and *obtain a declaration of rights, status, or other legal relations thereunder.*" (Emphasis added.)

This statute gives a broad grant of jurisdiction to the Superior Court to determine the rights of any person that may arise under a statute not in its appellate capacity but as part of its original jurisdiction. *See Roch v. Garrahy,* 419 A.2d 827, 830 (R.I.1980). Pursuant to its powers granted under § 9–30–2, the Superior Court had such jurisdiction to determine whether plaintiff was entitled to a disability pension under the facts and circumstances of this case, which were largely undisputed. Consequently, the oral challenge made to the subject matter jurisdiction of the Superior Court is rejected.

## II

### Standard of Review

Our standard of review of the decision of a trial justice sitting without a jury is extremely deferential in respect to findings of fact. *See Kelly v. Rhode Island Public Transit Authority,* 740 A.2d 1243, 1250 (R.I.1999). However, in respect to the standard of review exercised by the Superior Court over a determination made by the superintendent, we would apply a standard applicable to decisions by the Superior Court on questions of law and would, therefore, review such a determination de novo. Our previous cases have given great deference to the discretionary authority of the superintendent in respect to reappointment of a state police officer.

*See, e.g., Culhane v. DeRobbio,* 649 A.2d 507 (R.I.1994). Specifically, in respect to the granting of a disability pension, in *Ferreira v. Culhane,* 736 A.2d 96, 97 (R.I. 1999), we reviewed the entry of summary judgment in favor of Edmond Culhane, Jr., in his capacity as superintendent, and in favor of the General Treasurer in declining to reclassify the regular retirement pension of a member of the state police to a disability pension based upon a claim of work-related disability arising out of hypertension. In that case, the plaintiff had filed two actions in Superior Court, (1) "a complaint for declaratory relief" and (2) "an administrative appeal from the denial of his request to have his pension reclassified." *Id.* Both matters were consolidated and the parties filed cross-motions for summary judgment. A justice of the Superior Court granted the defendants' motions and entered summary judgment in their favor, reasoning that there was no abuse of discretion in the superintendent's decision to deny the request for reclassification. *See id.*

In that case, we specifically approved of the application by the Superior Court of a standard of review based upon a determination that the superintendent's decision was neither arbitrary nor capricious. We approved of the Superior Court's holding as a matter of law that the superintendent had great discretion in determining an officer's eligibility for a disability pension, and that plaintiff had failed to establish any abuse of discretion by the superintendent. We affirmed the entry of summary judgment and indicated that the result would have been the same if the plaintiff had relied upon his request for declaratory relief. *See id.*

In the case at bar, we see no reason to depart from the standard of review applied by the Superior Court because it was identical to the standard of review that we specifically approved in *Ferreira* in a recent order issued by this Court.

### III

**Did the Trial Justice Err in Finding that Plaintiff Was Not Injured in the Course of the Performance of his Duty?**

■ Applying the deferential standard of review that we approved in *Ferreira*, there is little question that the Superior Court was correct in determining that the superintendent acted neither arbitrarily nor capriciously in determining that plaintiff had not established his entitlement to a disability pension, and that his injuries did not arise out of and in the course of his employment.

On the night in question, the plaintiff was not injured while performing his duty as a state police officer. He had made a brief check upon the status of the flags and the illumination of the Portsmouth barracks at approximately 9:45 p.m. He then departed from this cursory assignment and proceeded toward his home on his privately owned motorcycle accompanied by his wife. During his journey to his home he was performing no duty related to his office as a lieutenant of the state police. It can scarcely be contended that it was irrational to determine that at the moment of the automobile collision, from which his injuries arose, he was not engaged in a duty status. The trial justice was correct in her determination that this decision was neither arbitrary nor capricious.

### Conclusion

For the reasons stated, the appeal of the plaintiff is denied and dismissed. The judgment entered in the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.