**AMERICAN FEDERATION OF TEACHERS LOCAL 2012**

v.

**RHODE ISLAND BOARD OF REGENTS FOR EDUCATION.**

**No. 81–194—Appeal.**

Supreme Court of Rhode Island.

June 22, 1984.

Richard A. Skolnik, Providence, for plaintiff.

William G. DeMagistris, Providence, for defendant.

## OPINION

SHEA, Justice.

The issue before the court in this appeal is procedural. It involves the appropriateness of a motion to vacate, alter, or amend a judgment under Rule 59(e) of the Superior Court Rules of Civil Procedure to obtain reconsideration by the Superior Court of the judgment it had entered in this case. The judgment in question confirmed an arbitration award under G.L.1956 (1979 Reenactment) § 28–9–22. We conclude such use of Rule 59(e) is inappropriate, and we affirm the Superior Court's action.

The American Federation of Teachers (AFT) filed a motion in the Superior Court to affirm the arbitration award. Judgment was entered on December 12, 1980, confirming the award in question. Thereafter, on December 18, 1980, a motion was filed by the Board of Regents (board) under Rule 59(e) to vacate, alter, or amend the judgment. The AFT objected to the motion. On March 30, 1981, the Superior Court justice entered an order denying the board's motion. The trial justice stated

that the Rules of Civil Procedure for Superior Court do not apply to arbitration proceedings and held that there was no manifest error in the judgment entered December 12, 1980.

On April 2, 1981, the board appealed from the denial of its motion under Rule 59(e). At that time, the board also filed a notice of appeal from the original judgment entered December 12, 1980. On April 20, 1981, AFT moved to dismiss the board's appeal on the ground it was not timely filed. On June 17, 1981, the Superior Court entered an order granting AFT's motion to dismiss the appeal with respect to the December 12, 1980 judgment but denied AFT's motion to dismiss the appeal with respect to denial of the board's Rule 59(e) motion.

Before us then is the board's appeal from the action of the Superior Court on June 17, 1981, dismissing not only the appeal from the December 12, 1980 judgment as not timely filed but also the appeal from the dismissal of the board's motion under Rule 59(e).

In *Colvin v. Goldenberg*, 108 R.I. 198, 273 A.2d 663 (1971), this court said that under Rule 59(a)(2), following a jury-waived trial, a party could move for a new trial for the same reasons that an equity court of this state could traditionally grant a petition for rehearing. Prior to the adoption of the then new rules, once a decision had been made by a judge sitting without a jury, and that decision was entered on the docket, the trial justice could not thereafter change his or her decision absent a showing of newly discovered evidence. *Id.* at 203, 273 A.2d at 667.

Later, in *Corrado v. Providence Redevelopment Agency*, 110 R.I. 549, 294 A.2d 387 (1972), this court again addressed the Superior Court's power to reconsider decisions rendered after a nonjury trial. This court held that after a nonjury trial in a civil matter, the trial court could review its own decision and grant a new trial only if it found a manifest error of law in the judgment entered or if there was newly discov-

ered evidence but unavailable at the original trial and sufficiently important to warrant a new trial. *Id.* at 554–55, 294 A.2d at 390. Here, the board makes no assertion that there is newly discovered evidence. Consequently, in order to prevail, there must be a showing by the board of manifest error in the judgment.

For our purposes, a manifest error of law in a judgment would be one that is apparent, blatant, conspicuous, clearly evident, and easily discernible from a reading of the judgment document itself. If the error is not obvious unless one reads the underlying decision or, as in this case, the arbitrator's award, the error is not a manifest error in our opinion. We also hold that reconsideration merely to relitigate old matters is not available under Rule 59(e).

We have reviewed the arbitration award in detail as well as the judgment entered on December 12, 1980, the arguments of counsel for the board, and the memoranda submitted by the parties. We conclude that the board has failed to demonstrate any manifest error in the judgment. Therefore, the motion to reconsider under Rule 59(e) is inappropriate and its denial was proper.

Counsel for the board argued strenuously before us, as he did before the trial justice, that the arbitrator exceeded his powers by invading the management function, as a result of which he reached an irrational result. The trial justice found, however, that the arbitrator exercised his powers properly. In his decision, he said that

"It has not been shown that * * * the arbitrator exceeded his powers, or that he violated any of the other statutory provisions. It does not appear * * * that the decision and award is irrational. On the contrary, he seems to approach it in a very, very rational fashion. What we have is the decision of the person to whom that function was entrusted. It was to this gentleman that the responsi-

bility was given to decide whether or not Mr. Pocchiari was discharged for just cause."

In so finding, the trial justice was acting well within the bounds of judicial review as set forth by this court in *Jacinto v. Egan,* R.I., 391 A.2d 1173 (1978). In holding that the Rules of Civil Procedure for the Superior Court do not apply to arbitration proceedings, the trial justice was correct to a point. However, once a judgment is entered, as provided for in § 28-9-22, it seems logical to us to hold that the Rules of Civil Procedure for Superior Court would apply to the case from that point on. In fact, this holding would be consistent with the provisions of §§ 28-9-24 and –25, which deal with the force and effect of a judgment in these arbitration cases and appeals therefrom. Even so, however, the civil rule invoked by a party must be applicable to the situation before the court. By that we mean that the filing of a motion under any one of the rules, in this case Rule 59, will not automatically stay the running of time for taking an appeal unless the motion filed and the rule invoked actually apply to a remedy available under the circumstances.

The judgment entered on December 12, 1980, did not contain a manifest error of law. Any error of law alleged by the board had to do with the trial justice's examination and review of the award and its application to the evidence referred to by the arbitrator. That kind of error may be reviewed only on appeal to the Supreme Court. Consequently, the invocation of Rule 59(e) was invalid, and it did not stay the appeal period from running. An invalid motion does not toll the time within which an appeal must be perfected. *Izzo v. Prudential Insurance Co. of America,* 114 R.I. 224, 231, 331 A.2d 395, 399 (1975). Since the notice of appeal from the December 12, 1980 judgment was not filed until April 2, 1981, it was untimely and therefore properly dismissed.

For the reasons given, the action of the Superior Court is affirmed. The appeal of

the Board of Regents is denied and dismissed. The papers of the case are remanded to the Superior Court for further proceedings.