[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court pursuant to a Supreme Court order remanding this case for a hearing on Quentin Anthony's (hereinafter "plaintiff") motion for new trial. Plaintiff has filed several motions for a new trial pursuant to R.C.P. 59(e). Specifically, plaintiff moves to open the judgment, take additional testimony, and amend findings of fact and conclusions of law contained in this Court's decision of July 31, 1992.
FACTS/TRAVEL
This adverse possession action was heard before this Court sitting without a jury. In this Court's prior decision, plaintiff met the necessary requirements to establish title by adverse possession. In accordance with that decision plaintiff was directed to engage a surveyor to establish a line along the northerly portion of his property adjacent to Donald Searle's (hereinafter "defendant") property. This Court determined that said line should be in conformance with the "Lawn Texture Transition" line as depicted on defendant's exhibit-R, prepared for defendant by Paul J. Coutu, registered land surveyor.
Subsequent to the filing of the July 31, 1992, decision, the travel of this case becomes a procedural nightmare. On August 13, 1992, defendant filed a notice of appeal. Then, on November 12, 1992 after the transcript of the case was filed, the appeal was certified in the Supreme Court. The record of this case also contains a judgment stamped by a clerk of this Court. This judgment is dated December 23, 1992, but the judgment was never entered.
On February 23, 1993, plaintiff filed his first motion for a new trial. Later, on April 22, 1993 the Supreme Court remanded defendant's appeal because the case was prematurely appealed prior to entry of judgment. The Supreme Court did not dismiss defendant's appeal, but rather ruled that the premature appeal shall be treated as having been taken from the subsequent entry of judgment.
The parties then stipulated that judgment was to enter as of June 30, 1993. This stipulation was file marked and entered. Thereafter, on June 9, 1993 defendant provided another judgment which incorporated the ruling of this Court's written decision of July 31, 1992. On July 19, 1993, plaintiff filed another motion for a new trial. Additionally, on July 21, 1993, plaintiff also filed a motion to remand the file to this Court for the limited purpose of hearing plaintiff's motion for a new trial. On that day, the Supreme Court remanded the case to this Court for a hearing on plaintiff's motion for a new trial. Finally, on July 22, 1993 plaintiff filed a third motion for a new trial.
Plaintiff's motion for a new trial pursuant to R.C.P. 59(e) is presently before this Court. Defendant objects to plaintiff's motion. Defendant asserts that plaintiff's filing of his motion was untimely.
DISCUSSION
In the present case plaintiff has filed three separate motions for a new trial. The first motion was filed on February 23, 1993; the second was filed on July 19, 1993; and the third motion was filed on July 22, 1993. In order to determine which motion, if any, was timely filed, this Court must first determine the effect of defendant's appeal.
Initially, defendant prematurely filed a notice of appeal on August 13, 1993 before there was an entry of judgment. Defendant's appeal was also filed before plaintiff filed his motions for a new trial. The transcript of the case was filed, and the appeal was docketed, in the Supreme Court on November 12, 1992. Generally, when an appeal is docketed, the trial Court loses jurisdiction over any other action in respect to the parties. Cavanaugh v. Cavanaugh, 119 R.I. 479, 380 A.2d 964
(1977). In the present case, if defendant had properly filed his appeal by first entering judgment, then plaintiff's February 23, 1993 and July 19, 1993 motions for a new trial would be nullities. These motions would null and void because the Superior Court would have lost jurisdiction to act on them.
In this case, however, defendant prematurely filed his appeal before there was an entry of judgment. Since defendant's appeal was premature, the Supreme Court did not gain and the Superior Court did not lose jurisdiction until there was a final entry of judgment on June 30, 1993. Faced with a case having a similar procedural posture, the Illinois court in Schnuck Markets Inc.v. Soffer, ruled that a premature appeal does not deprive the trial court of jurisdiction to proceed with the case nor does it vest the appellate court with jurisdiction to consider it.572 N.E.2d 1166, 1169 (Ill. App. 5 Dist. 1991). In its April 22, 1993 order remanding the case at bar, our Supreme Court stated that "the premature appeal shall be treated as having been taken from the subsequent entry of judgment." The order specifically stated that the appeal would not take effect until after there was an entry of judgment. It wasn't until there was final entry of judgment on June 30, 1993, that the Superior Court lost jurisdiction and the Supreme Court gained absolute jurisdiction.
Plaintiff filed his first motion for a new trial on February 23, 1993. This motion was filed about four months before there was entry of final judgment. Because this Court did not lose jurisdiction until there was entry of final judgment, plaintiff's February 23, 1993 motion was a valid motion and not null and void. Since plaintiff's February 23, 1993 motion was valid, this Court must now determine whether it was timely filed.
In the present case plaintiff filed his motion for a new trial before there was an entry of final judgment. Rule of Civil Procedure 59(e) provides "a motion to alter or amend the judgment shall be served not later than (10) days after entry of judgment." The rule does not require that there is prior entry of judgment. Rather, it requires that the motion be filed "not later than 10 days after entry of judgment."
Additionally, Professor Kent states that "there is nothing to prevent the making of motion immediately after the verdict has been rendered and before the clerk actually enters the judgment." I Kent, R.I. Civ. Proc. § 597 at 444 (1969). Moreover, federal courts have ruled that the ten day limit in R.C.P. 59 sets only a maximum period and does not nullify an otherwise valid motion made before a judgment has been entered. Jurgens v. McKasy,905 F.2d 382, 386 (Fed. Cir. 1990); citing, Smith v. Hudson,600 F.2d 60, 62 (6th Cir. 1979).
Accordingly, plaintiff's filing of his motion prior to entry of judgment is not fatal. Plaintiff's February 23, 1993 motion properly tolled the ten day period required by R.C.P. 59(e). This Court will now address the merits of plaintiff's motion.
Plaintiff moves pursuant to R.C.P. 59(e) to amend this Court's July 31, 1992 written decision. Plaintiff asserts that the decision contained a "scrivener's" error. Plaintiff alleges that this "scrivener's" error is found at page five of the decision. Specifically, plaintiff asserts that this Court made an error in describing the new boundary line of the parties. This Court determined that the new boundary shall be in conformance with the "Lawn Texture Transition" line as depicted on defendant's Exhibit-R. Defendant objects to plaintiff's motion for a new trial. Defendant maintains that there is no error on the face of the decision.
In ruling on a motion pursuant to R.C.P. 59(e), the trial justice may grant a new trial if he or she finds either that there is newly discovered evidence or if there was a manifest error of law in the judgment entered. American Federation ofTeachers v. Rhode Island Board of Regents, 477 A.2d 104 (R.I. 1984); Corrado v. Providence Redevelopment Agency,110 R.I. 549, 294 A.2d 387 (1972). The Supreme Court has ruled that a manifest error of law is one that is apparent, blatant, conspicuous, clearly evident, and easily discernible from a reading of the judgment. Rhode Island Board of Regents, 477 A.2d at 104.
Here, plaintiff makes no assertion that there is newly discovered evidence. Therefore, in order to prevail, plaintiff must show that this Court's July 31, 1992 decision contained a manifest error of law.
In the present case, plaintiff asserts that this Court accepted all of plaintiff's testimony relating to his adverse possession of defendant's property. Plaintiff claims even the defense witnesses concurred in the location of the boundary line. Plaintiff further asserts that this boundary line is different from the "Lawn Transition Texture" line depicted in exhibit R. Therefore, plaintiff concludes that this Court made an inconsistent finding of fact without evidentiary support.
Plaintiff's contentions are without merit. All of defendant's witnesses did not concur in the location of the new boundary line. Defendant's expert witness, Paul J. Coutu, a registered land surveyor, prepared Exhibit-R. This exhibit was made from a 1984 certified aerial photograph of the disputed property line. Coutu's description of the new property was different than that of plaintiffs.
In this non-jury trial, this Court, sitting as factfinder, had to determine how much property was adversely possessed for the statutory period of ten years. Evidence was presented that plaintiff expanded the area he was adversely possessing yearly. After reviewing all of exhibits presented and hearing the testimony of witnesses, this Court found that defendant's Exhibit-R. accurately described the amount property plaintiff adversely possessed for the statutory ten year period.
Furthermore, plaintiff's assertion that this Court made a "scrivener's" error also lacks merit. In his motion, plaintiff is making the same argument that he made to this Court in his closing argument at trial. Plaintiff argued that Paul J. Coutu's testimony was wrong and inaccurate. Plaintiff argued that the expert's testimony did not coincide with the defendant's own testimony. Tr. at 362. Our Supreme Court has stated that reconsideration merely to relitigate old matters is not available under R.C.P. 59(e). Board of Regents, 477 A.2d at 106. In the present case, this Court had already heard and considered plaintiff's arguments that were made in his closing argument. Plaintiff is merely attempting to relitigate a matter that has already been decided.
Plaintiff has failed to establish that this Court's decision contained a manifest error of law. Plaintiff has not convinced this Court that it his made an apparent, blatant, or conspicuous error. Rather, this Court finds that its decision was clear and unambiguous. This Court did not make a "scrivener's" error. Accordingly, plaintiff's motion for a new trial is denied.
Counsel shall prepare an appropriate judgment for entry.