DECISION
This matter is before this Court on a motion to amend judgment following this Court's decision vacating in part and confirming in part an Arbitration Award filed by DePasquale Building and Realty Company ("DePasquale"). DePasquale's motion to amend, filed pursuant to Rule 59(e) of the Rhode Island Superior Court Rules of Civil Procedure, seeks remand of this case to the Arbitrator for consideration of all allowable contract damages. Defendant Rhode Island Board of Governors for Higher Education ("BOG") has filed an objection to DePasquale's motion, arguing that DePasquale's request for remand for a limited rehearing is inconsistent with its original position in this litigation and contrary to law. For the reasons set forth in this Decision, this Court rejects DePasquale's motion to amend judgment and reaffirms its original decision.
 I FACTS AND TRAVEL
The relevant facts stem from a contract dispute between the parties that resulted in a lengthy arbitration. The arbitration spanned almost four months and resulted in over 100 pages of briefing, 18 hearings, and a voluminous record of exhibits, affidavits, and memoranda. On November 2, 2007, the Arbitrator issued his Arbitration Award that allotted $3,158,708 in *Page 2 
contract damages to DePasquale and $155,000 to Delta Mechanical Contractors ("Delta"), one of DePasquale's subcontractors.
In doing so, the Arbitrator rejected for lack of evidence the fraud, bad faith, and intentional misconduct claims brought by DePasquale. The Arbitrator voided the contract as against public policy, finding that it was a contract of adhesion that limited consequential damages to DePasquale while providing liquidated damages to BOG. In the alternative, the Arbitrator found that BOG's deliberate acts of withholding two (2) progress payments totaling $327,000 in the latter stages of contract performance were unlawful and constituted a material breach that voided the contract.
On November 29, 2007, DePasquale moved to confirm the Arbitration Award. BOG objected to confirmation and filed a motion to vacate the Arbitration Award on December 10, 2007. DePasquale filed a motion for attorney's fees and sanctions against BOG for objecting to confirmation of the award.
This Court rendered a decision on August 31, 2009, confirming in part and vacating in part the Arbitration Award. The Court vacated the Arbitrator's decision to award $3,158,708 in damages to DePasquale because it was based on his erroneous decision, outside of the parameters for arbitration agreed to by the parties, to void the contract. It confirmed the Arbitrator's alternative decision to award DePasquale $327,000 in contract damages and his decision to deny liquidated damages to BOG. It also confirmed the Arbitrator's award of $155,000 in contract damages to DePasquale's subcontractor, Delta. This Court entered judgment reflecting its decision on August 31, 2009.
On September 10, 2009, DePasquale filed a motion to amend judgment, pursuant to R.I. Super. R. Civ. P. 59(e), arguing that after this Court's decision, the Arbitration Award fails to *Page 3 
reflect a complete and final resolution of its dispute with BOG. Specifically, DePasquale contends that because this Court partially vacated and partially confirmed the Arbitration Award, the award is "materially incomplete with respect to DePasquale's contract right to recover several categories of allowable contract damages." DePasquale is concerned that, if the judgment is not amended, it will not be in compliance with the Public Works Arbitration Act, R.I. Gen. Laws § 37-16-2(b)(2), and the "basic requirements of arbitral finality." Its motion asks this Court to remand this case to the Arbitrator for limited rehearing on the issue of further allowable contract damages.
On October 5, 2009, BOG filed its objection to DePasquale's motion to amend judgment. It argues that amending the judgment, as DePasquale requests, would run counter to DePasquale's original request to confirm the Arbitration Award and would contravene settled law as to arbitration awards.
 II STANDARD OF REVIEW
A motion to alter or amend judgment under Rule 59(e) of the Rhode Island Superior Court Rules of Civil Procedure may be granted by the Court only if it finds that the judgment is infected by a "manifest error of law." American Fed'n of Teachers Local 2012 v.R.I. Bd. of Regents for Educ., 477 A.2d 104, 105-04 (R.I. 1984) (Board failed to show manifest error in judgment affirming arbitration award in favor of teachers' union); see alsoBogosian v. Bederman, 823 A.2d 1117, 1119 (R.I. 2003) (trial court may review its decision following non-jury trial only for manifest error of law in judgment entered or for newly discovered evidence unavailable at original trial that is sufficiently important to warrant new trial). A manifest error of law is one which "is apparent, blatant, conspicuous, clearly evident, and easily discernable *Page 4 
from a reading of the judgment document itself." American Fed'nof Teachers Local 2012, 477 A.2d at 106. If, on its face, the judgment is not obviously in error, then it cannot reflect a manifest error of law under Rule 59(e). Bogosian, 823 A.2d. at 1119.
 III ANALYSIS
DePasquale contends that the Public Works Arbitration Act (the "Act"), R.I. Gen. Laws § 37-16-2(b)(2), requires that "[a]ll claims, disputes, and other matters in question arising out of or relating to [the] contract or the performance or interpretation thereof shall be [made the subject of a mutual, final, definite, complete and comprehensive Arbitration Award that conclusively resolves all such claims, disputes and other matters]." DePasquale argues that because this Court partially vacated and partially confirmed the Arbitration Award, the award is "materially incomplete with respect to DePasquale's contract right to recover several categories of allowable contract damages." Relying on Pier HouseInn, Inc. v. 421 Corporation, Inc., 812 A.2d 799, 806 (R.I. 2002) and Lemoine v. Dep't. of M.H.R.H., 320 A.2d. 611, 612 (R.I. 1974), DePasquale claims that this Court must remand the Arbitration Award to the Arbitrator for clarification of allowable damages. Absent remand, it contends that the Arbitration Award will not be final, within the meaning of the Act, as it will not reflect all allowable damages that it is due. Specifically, DePasquale claims entitlement, based on the "total cost method," to five categories of damages not embodied in the Arbitration Award. The "total cost method" anticipates that DePasquale would be paid for the total cost of the work it actually completed, which DePasquale argues is far in excess of the $327,000 allowed it under the Arbitration Award, as confirmed by this Court. *Page 5 
In its objection to DePasquale's motion, BOG posits that the motion to amend should be denied because it is inconsistent with DePasquale's original position in the litigation. BOG notes that it was DePasquale that moved to confirm the Arbitration Award in November 2007, over the objection of BOG. DePasquale was so intent on confirming the Arbitration Award at that time that it went so far as to petition the Court for attorney's fees and sanctions against BOG for filing an objection. In seeking confirmation, DePasquale highlighted the thorough and exhaustive arbitration proceedings, indicating to the Court and BOG that the Arbitration Award that it sought to confirm was complete. DePasquale dismissed any argument that there could exist any "legitimate legal or factual basis" to modify the Award.
Now that the Court has denied it confirmation of the full Arbitration Award, DePasquale argues that the award did not account for several categories of or methods for calculating damages. As such, BOG takes umbrage at DePasquale now reversing course and arguing that the extensive arbitration record fails to illustrate a sufficient factual basis for this Court's confirmation of the Arbitrator's alternative award requiring modification of the Arbitration Award via remand to the Arbitrator. BOG is of the belief that the Arbitration Award was mutual, complete and sufficiently final, even though confirmed in part and vacated in part after statutory judicial review.
Additionally, BOG argues that those authorities upon which DePasquale relies in moving to amend the judgment — — namely, Pier House Inn and Lemoine
— — are factually distinguishable from the case at bar. In those cases, the petitioner was not both the party seeking confirmation of an arbitration award and, after denial of its requested confirmation, the party seeking a remand for purposes of rehearing by the original arbitrator; instead, the petitioner's positions were always consistent throughout the proceedings, from confirmation to remand. *Page 6 
In response to BOG's objection, DePasquale further details the total cost method and need for clarification by the Arbitrator on remand. Additionally, while DePasquale acknowledges that the authorities it relies upon are factually distinct from the case at bar, it nonetheless contends that the principle of arbitral finality through remand is of paramount importance and should not be ignored simply because of this absence of factual similarity.
After consideration of DePasquale's motion to amend judgment under R.I. Super. R. Civ. P. 59(e) and the parties' competing arguments, this Court finds that the judgment it entered previously, following extensive arbitration hearings and its comprehensive judicial review, fails to reflect any manifest error of law. Had DePasquale taken issue with any aspect of the Arbitration Award, even if limited to the Arbitrator's alternative damage award, it should have raised that complaint before this Court undertook its review of the voluminous record and memoranda filed by the parties in this case and rendered its decision. It was on notice, from the Arbitration Award itself, that the Arbitrator attempted to buttress his decision with an alternative award of contract damages should this Court reject the Arbitrator's decision, as it did, to void the contract as against public policy. In failing to contest that alternative award in the first instance, DePasquale effectively waived the arguments that it now raises belatedly in its post-decision motion. Indeed, in arguing initially in support of its motion to confirm the Arbitration Award that there was no "legitimate legal or factual basis" to modify the award, it is now estopped judicially, after losing that motion in part, from arguing to the contrary.
Moreover, even were this Court to entertain DePasquale's new argument, DePasquale has failed to demonstrate how this Court's decision confirming the Arbitrator's alternative award deprives it of arbitral finding under the Public Works Arbitration Act, R.I. Gen. Laws § 37-16-2(b)(2). While DePasquale relies on the Rhode Island Supreme Court's decisions in Pier House *Page 7 Inn and Lemoine — two cases decided under a similar statutory arbitration scheme — to buttress sits new argument, those cases are readily distinguishable from the case at bar.
In Pier House Inn, an arbitrator awarded a lessor possession of the premises and compensatory damages and awarded the lessee, on its counterclaim, compensatory and punitive damages. 812 A.2d at 801-802. The lessee sought to confirm the compensatory damage award and vacate the punitive damage award.Id. The Rhode Island Supreme Court affirmed the decision of the Superior Court that vacated the punitive damage award and remanded that portion of the award to the arbitrator for rehearing.Id. at 801. It found that remand was appropriate where there was insufficient evidence of the arbitrator's rationale for the award of punitive damages to the lessee in the first instance.Id. at 805. The damages, as awarded to the lessee, were irreconcilable with the arbitrator's finding that the lessee was at fault, constituting an obvious error on the face of the award that led the Court to question the intent of the award.Id. After consulting a bare record and finding no evidence as to the arbitrator's intent, the Court found that it was appropriate for the trial court to remand the award to the arbitrator for clarification of the damages award. Id. In citing toLemoine, 320 A.2d at 614, the Pier House Inn decision highlights a related justification for remand to an arbitrator: "to correct deficiencies in the record and thus afford the litigants a meaningful review." Id. at 806.[1]
In contrast here, in examining the Arbitrator's alternative damage award on its face, this Court can discern no obvious error. DePasquale cannot prove that there is insufficient evidence of the Arbitrator's rationale for his alternative award or that his alternative award is somehow irreconcilable with his other findings. It likewise has failed to establish any discernable *Page 8 
deficiencies in the record underlying the alternative damage award. DePasquale's attempt to amend the judgment and secure a remand thus must be rejected, particularly where it relies on authorities where the petitioner, unlike it, did not reverse course on appeal. Accordingly, this Court's judgment must stand as not reflective of any manifest errors of law.
 IV CONCLUSION
For the reasons set forth in this Decision, this Court denies DePasquale's Rule 59(e) motion to amend the judgment entered by this Court on August 31, 2009 that confirmed in part and vacated in part an Arbitration Award dated November 2, 2007. In so doing, this Court rejects DePasquale's request that it remand this case to the Arbitrator for further proceedings.
Counsel shall confer and submit to this Court forthwith for entry an agreed upon form of order that conforms to this Decision. Upon entry of that order, the judgment entered previously by this Court will be deemed final and appealable.
[1] In Lemoine, the plaintiff challenged her termination by a state agency and the Superior Court's decision with respect to her administrative appeal to remand to the agency the issue of whether the agency had the authority to discharge her. 320 A.2d 611 (R.I. 1974). The Rhode Island Supreme Court affirmed the remand order in the presence of an incomplete record by the agency to explain its termination decision. Id.