December 8, 2020

**Supreme Court**

No. 2019-50-Appeal.
(KC 17-585)

Robert Paroskie          :

      v.                :

Linda Rhault.            :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Robert Paroskie          :

v.                       :

Linda Rhault.            :


Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The *pro se* plaintiff, Robert Paroskie, appeals from a Superior Court entry of summary judgment against him and in favor of the defendant, Linda Rhault, with respect to claims for fraud, negligent misrepresentation, and unjust enrichment.  Those claims arise from promises the plaintiff contends were made during the course of a romantic relationship between the plaintiff and the defendant that came to an end in 2009.  This appeal came before the Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided.  After hearing the arguments of the parties, and after thoroughly examining the record, we conclude that cause has not been shown and that this case may be decided without further

briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

The plaintiff's underlying claims stem from a relationship between plaintiff and defendant.[1] The plaintiff and defendant were involved romantically for some time between October 2001 and February 2009—approximately seven years—when defendant ended the relationship. According to plaintiff, defendant is a very wealthy woman and an heir to the Guggenheim fortune.[2] The plaintiff filed an action against defendant on May 31, 2017, alleging that defendant falsely represented to plaintiff that his life would be enhanced and secure if he remained with defendant as a companion partner and that, but for this representation, plaintiff would not have devoted his time, energy, and expertise to defendant. At bottom, plaintiff's argument rests on his claim that he and defendant had committed to each other to be in a long-term relationship, but defendant decided to end that relationship. The plaintiff pointed to the fact that, among other things, he stayed with defendant overnight up to four nights per week; presented defendant with gifts of jewelry, lodging, and

---

[1] The facts in this case are gleaned from the pleadings and affidavits submitted by the parties.
[2] The Guggenheim family is an American family known for their involvement in the mining industry and later for their philanthropy.

meals; prepared dinners for defendant and her family; tutored defendant's children; and assisted with kitchen renovations at defendant's home. All of those actions, according to plaintiff, were evidence of his commitment to a relationship with defendant. The plaintiff also swore that he "relied upon [defendant's] continuing representations and acts of a committed relationship" when he performed the aforementioned acts. The plaintiff claimed that, but for these representations of commitment from defendant, he would not have devoted so much of his time to her.

The plaintiff also alleged in his complaint that he provided financial advice to defendant at her request. That advice, he maintains, will someday result in a substantial favorable tax impact for defendant. Specifically, plaintiff maintained that he assisted defendant with a family trust inherited by her grandmother, of which defendant was a beneficiary. The plaintiff contends that he advised defendant on certain actions that she should take and that she followed the advice. That advice included the locating of certain documents and the filing of a request for a tax ruling from the Internal Revenue Service that would relieve the trust of a substantial tax liability and would greatly inure to the financial benefit of defendant at a future time. Thus, he asserts, it was inequitable for defendant to retain the benefit of his advice without conferring the value of the lifetime security that she had promised to him.

There were three counts in plaintiff's complaint: (1) fraud; (2) negligent misrepresentation; and (3) unjust enrichment. In due time, defendant moved for

summary judgment, arguing that there were no issues of material fact in dispute and that plaintiff's claims could not survive as a matter of law. In response to defendant's motion for summary judgment, plaintiff filed a cross-motion for summary judgment, contending that it was he who was entitled to judgment as a matter of law. The hearing justice held several hearings on the competing motions for summary judgment before issuing a lengthy written decision, granting summary judgment in favor of defendant on all counts and denying plaintiff's cross-motion.

Final judgment was entered on September 10, 2018. Ten days later, plaintiff filed a motion, which he styled as a motion to amend the judgment pursuant to Rule 59(e) of the Superior Court Rules of Civil Procedure. In that motion, plaintiff maintained that the hearing justice had committed myriad errors when she applied the law to the facts, and that she had failed to view the evidence in the light most favorable to plaintiff.

After hearing plaintiff's motion to amend the judgment, the hearing justice denied the motion. The hearing justice found that plaintiff was attempting to recycle the same arguments that he had pressed during the hearings on the motions for summary judgment. The hearing justice also determined that she had applied the correct standard when she decided the competing motions for summary judgment. An order denying plaintiff's motion to amend the judgment entered on October 19, 2018. The plaintiff filed a notice of appeal to this Court on November 7, 2018.

## II

## Discussion

Before addressing the merits of plaintiff's arguments, we must determine whether plaintiff's appeal is properly before this Court. Judgment in favor of defendant entered on September 10, 2018. Thus, plaintiff had twenty days from that date to file his notice of appeal. *See* G.L. 1956 § 9-24-1; Super. R. Civ. P. 4(a). However, he failed to do so until November 7, 2018. Although plaintiff did file a post-judgment motion, styled as a Rule 59(e) motion to amend the judgment, within ten days, which in normal circumstances would toll the twenty-day appeal period, the motion was in reality one to reconsider the judgment and as such does not extend the time limits under Rule 4(a).[3] Further, while the notice of appeal indicates that plaintiff was appealing from the October 19, 2018 order denying his so-called motion to amend, it is clear from his argument on appeal that it is the grant of summary judgment in favor of defendant with which he takes issue.

We have held that a proper Rule 59(e) motion is directed at correcting "a 'manifest error of law in the judgment'—meaning an error that is 'apparent, blatant, conspicuous, clearly evident, and easily discernible from a reading of the judgment document itself.'" *Greensleeves, Inc. v. Smiley*, 68 A.3d 425, 434 (R.I. 2013)

---

[3]Although Rule 4(a) of the Superior Court Rules of Civil Procedure permits an extension of the period for filing the notice of appeal upon a showing of excusable neglect, plaintiff made no such argument before the hearing justice.

(quoting *American Federation of Teachers Local 2012 v. Rhode Island Board of Regents for Education*, 477 A.2d 104, 105, 106 (R.I. 1984)). The purpose of Rule 59(e) is to correct "obvious errors of law or of fact in the judgment." *Peloso v. Imperatore*, 434 A.2d 274, 279 (R.I. 1981). This Court has specified that "if the error is not obvious unless one reads the underlying decision, the error is not a manifest error in our opinion." *Bogosian v. Bederman*, 823 A.2d 1117, 1119 (R.I. 2003) (brackets and deletion omitted) (quoting *American Federation of Teachers Local 2012*, 477 A.2d at 106).

In support of his motion to amend the judgment, plaintiff argued that the hearing justice made manifest errors in applying the law to the facts in the record and failed to view the evidence in the light most favorable to plaintiff. In other words, plaintiff was, in essence, seeking to relitigate the motion for summary judgment. We have held previously that "reconsideration merely to relitigate old matters is not available under Rule 59(e)." *American Federation of Teachers Local 2012*, 477 A.2d at 106; *see Anthony v. Searle*, 681 A.2d 892, 899 (R.I. 1996) (upholding the denial of the plaintiff's Rule 59(e) motion when it was merely a request that the trial justice "schedule a brief evidentiary hearing" so that the plaintiff could attempt to persuade the trial justice to change his mind). We therefore conclude that plaintiff's motion was not proper under Rule 59(e).

Even if the motion for reconsideration were to be treated as one to vacate under Rule 60(b),[4] which does not extend the time for filing an appeal with this Court, the motion is best characterized as an attack on the hearing justice's decision on the defendant's motion for summary judgment. In other words, the plaintiff did not seek to provide newly discovered evidence, allege fraud, or seek any other avenue of relief that is available under Rule 60(b). The plaintiff instead asserted that the hearing justice did not properly assess the evidence and "gave no probative weight to [his] Requests for Admission of facts that were deemed admitted by the Court and that demonstrate genuine issues of material facts which must be resolved."

---

[4] Rule 60(b) provides, in relevant part, that:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> "(1) Mistake, inadvertence, surprise, or excusable neglect;
> "(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> "(3) Fraud, misrepresentation, or other misconduct of an adverse party;
> "(4) The judgment is void;
> "(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which the judgment is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> "(6) Any other reason justifying relief from the operation of the judgment.
> "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one (1) year after the judgment, order, or proceeding was entered or taken."

He also asked the hearing justice to vacate her decision, deny the defendant's motion for summary judgment, and order that the case proceed to trial. These types of claims of error are the "kind of error [that] may be reviewed only on appeal to the Supreme Court." *American Federation of Teachers Local 2012*, 477 A.2d at 106. Therefore, the motion was properly denied, and it did not extend the time in which to file an appeal to this Court. *See id.*; *see also Iozzi v. City of Cranston*, 52 A.3d 585, 588 (R.I. 2012) ("[T]he time specified in Rule 4(a) is mandatory, and * * * once the prescribed time has passed there can be no review by way of appeal.") (quoting *Wachovia Bank v. Hershberger*, 911 A.2d 278, 279-80 (R.I. 2006) (mem.)). The plaintiff's appeal, therefore, was untimely.[5]

### III

### Conclusion

For the reasons above, the final judgment is affirmed, and the papers of this case are remanded to the Superior Court.

---

[5] Even though we deny the plaintiff's appeal as untimely, we nonetheless pause to note that we discern no merit in any of the plaintiff's substantive claims. The plaintiff failed to present competent evidence to prove the existence of any disputed issue of material fact, and he failed to present competent evidence to support a single element of his claims for fraud, negligent misrepresentation, or unjust enrichment. Thus, the hearing justice properly granted summary judgment in favor of the defendant.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Robert Paroskie v. Linda Rhault. |
| **Case Number** | No. 2019-50-Appeal.<br>(KC 17-585) |
| **Date Opinion Filed** | December 8, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Susan E. McGuirl |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Robert Paroskie, Pro Se |
| | For Defendant:<br><br>Lauren E. Jones, Esq.<br>Robert S. Thurston, Esq. |